## Case No. 8,976.
### MAIN v. SECOND NAT. BANK.
[6 Biss. 26;[1] 1 Thomp. Nat. Bank Cas. 200; 6 Chi. Leg. News, 359; 10 Alb. Law J. 204; 1 Am. Law T. Rep. 471; 20 Int. Rev. Rec. 122; 1 Cent. Law J. 232; 31 Leg. Int. 278; 21 Pittsb. Leg. J. 205.]

District Court, W. D. Wisconsin. March, 1874.

FEDERAL COURTS — JURISDICTION — PRACTICE ACT OF JUNE 1, 1872.

1. A national bank cannot be sued in the federal courts outside of the district where it is located. Service on the cashier when found within another district does not give jurisdiction.
[Cited in Fonda v. British-American Assur. Co., Case No. 4,904; Hughes v. Northern Pac. Ry. Co., 18 Fed. 111.]

2. Manufacturers' Nat. Bank v. Baack [Case No. 9,052], approved.

3. The practice act of June 1, 1872 [17 Stat. 197], does not change this rule nor enlarge the jurisdiction of the federal courts.
[Cited in Howard v. American Dairy, etc., Co., Case No. 6,753.]

[This was a suit in bankruptcy by W. S. Main, assignee, against the Second National Bank of Chicago.]

Motion to dismiss for want of jurisdiction, the defendant being a national bank, located and doing business in the city of Chicago, state of Illinois, and service having been had upon John P. McGregor, the cashier, who was found within the district.

Tenneys, Flower & Abercrombie, for the motion, cited Crocker v. Marine Nat. Bank of New York, 101 Mass. 240; Cooke v. State Nat. Bank of Boston, 50 Barb. 339.

H. S. Orton and W. F. Vilas, contra.

HOPKINS, District Judge. In the argument filed in support of the motion, it is claimed that a national bank cannot be sued in any court out of the judicial district where it is "located" or "established." I do not think that the general banking law admits of such an interpretation. The eighth section of the act of June 3, 1864 (13 Stat. 101), provides that such corporations may sue and be sued in any court of law and equity as fully as natural persons.

I do not think that the provision in the 57th section of the act restrictive of this general authority, but that it was intended rather to enlarge the operation of the 11th section of the judiciary act of 1789 (1 Stat. 73, 78), and to confer upon such organizations the right to sue and be sued in the federal courts in the district where located, by a citizen of the same district; and I fully concur with Judge Blatchford's views expressed in his opinion in Manufacturers' Nat. Bank v. Baack [Case No. 9,052], that the banks organized under the general banking act of congress are to be deemed residents or inhabitants of the state and district where they are "located" and "established." The provisions of the act

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

referred to by him are sufficient to warrant that conclusion, and if this were the only point I should have no hesitancy in overruling the motion.

But there is a question arising under the provision of the 11th section of the judiciary act of 1789, which, as interpreted by numerous decisions of the federal courts, seems to me to constitute an insuperable objection to the plaintiff's right to prosecute this defendant in this court. That section provides that "no civil suit shall be brought before either of the courts (circuit or district) against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ."

That the defendant was not an "inhabitant" of this district when this suit was commenced, is too plain for discussion. The remaining question is, was the defendant found "here at that time?"

The defendant, as before stated, was "located" at Chicago; that was its habitation, which does not move around with the person of its officers. The corporation is not migratory. It could not, of its own will and without authority of the law, change its location to this state. Therefore, I must hold that this court has no jurisdiction over this defendant; that it was not "found" here, within the meaning of the statute. In the case of Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 519, the court say, in speaking of locality of corporation: "It must dwell in the place of its creation, and cannot migrate to another sovereignty." This, it is true, was said of a state bank, but the same may with equal propriety be said of a national bank. They have a local habitation, an office, and place of business within a state or district, as well as a state bank. Justice Nelson, in Day v. Newark India-Rubber Manuf'g Co. [Case No. 3,685], and in Pomeroy v. New York & N. H. R. Co. [Id. 11,-261], examined this question very fully, and arrived at the conclusion in both cases, notwithstanding there was a statute of the state of New York authorizing service to be made upon officers of such foreign company within the state, which would give the state courts jurisdiction of the corporations, that the corporations were not "inhabitants" of the state, and were not "found" there because their officers and agents resided or came into that district; that the officers were not the corporations, and the corporations were not therefore found within the district. This is a jurisdictional question, and "state laws can confer no authority on this court in the exercise of its jurisdiction, by the use of state process, to reach either persons or property which it could not reach within the meaning of the law creating it." Toland v. Sprague, 12 Pet. [37 U. S.] 328.

I do not think the practice act of June 1, 1872 (17 Stat. 197; Rev. St. 173), changes the rule. That relates to the practice and proceedings in suits against parties who may be prosecuted in the federal courts, but does not profess to enlarge their jurisdiction or to extend it over persons or cases not before within the cognizance of the court. As said in Toland v. Sprague, 12 Pet. [37 U. S.] 330. "the acts of congress adopting the state process, adopt the form and modes of service only so far as the persons are rightfully within the reach of such process, and did not intend to enlarge the sphere of the jurisdiction of the circuit courts."

I think the same construction should be given to the act of 1872 above-mentioned, and so construed it does not relieve the case of the question of the habitat of this defendant being without the district, and therefore not subject to the process of this court.

The motion is therefore granted, and this suit dismissed.

Since the above decision the jurisdiction of the United States circuit courts has been changed under the act of March 3d, 1875 [18 Stat. 470], and the clause in the 11th section of the judiciary act of 1789, above described, now reads "or in which there shall be a controversy between citizens of different states."