FERDINAND A. CROCKER & others *vs.* MARINE NATIONAL BANK
OF THE CITY OF NEW YORK.
RICHARD BAKER, JR., & others *vs.* SAME.

By force of § 57 of the U. S. St. of 1864, *c.* 106, a banking association formed and organized under that statute can be sued in a state court only in the county or city in which the association is established.

TWO ACTIONS, containing counts in tort and in contract, brought against " the Marine National Bank of the city of New York, a corporation established by the laws of the United States in the city, county and state of New York," to recover for the loss from the defendants' bank in New York of a trunk with its contents, deposited with them by the plaintiffs in the first action, who were described in their writ as of the city, county and state of New York, and were the general banking agents in New York of the plaintiffs in the second action, who were described in their writ as of Boston in this county and Commonwealth.

The defendants moved to dismiss the actions for want of jurisdiction, because the defendants were a banking corporation established in New York under the act of congress of 1864, *c.* 106 *Hoar*, J., overruled the motion, and upon the evidence introduced at the trial ordered verdicts for the defendants, and reported the cases for the decision of the full court.

*J. G. Abbott & H. C. Hutchins*, for the plaintiffs.
*E. D. Sohier & C. A. Welch*, for the defendants.

GRAY, J. These actions are brought, the one by citizens of New York and the other by citizens of Massachusetts, against a banking association established in the city of New York under the act of congress of 1864, *c.* 106, entitled " an act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof." The first question to be decided is that of jurisdiction ; for, if the court has no jurisdiction, it has no authority to consider the merits of the actions.

The general principle is well settled, that civil cases arising under the Constitution and laws of the United States may be tried and determined in the state courts, unless the national Constitution and laws have vested exclusive jurisdiction of them in the federal tribunals; but that congress may prohibit the state courts from entertaining jurisdiction of such cases. 1 Kent Com. (6th ed.) 396 *& seq. Bank of United States* v *Deveaux,* 5 Cranch, 85, 86. *Osborn* v. *United States Bank,* 9 Wheat. 738. *Teall* v. *Felton,* 1 Comst. 537; *S. C.* 12 How. 284. *Ward* v. *Jenkins,* 10 Met. 591. The question in this case therefore depends upon the intention of congress, as manifested in the act of 1864.

The eighth section of that act declares that every banking association formed and organized pursuant to its provisions shall be a body corporate, with the usual powers of a corporation, and, among others, to have a corporate name and seal, and " by such name it may make contracts, sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons." If the act contained no further provision upon this subject, the corporations thus established might doubtless be sued, as well as sue, in the state courts of appropriate jurisdiction, and could be sued in only such courts of the United States as the citizenship of the parties would warrant. *Bank of United States* v. *Deveaux, Teall* v. *Felton,* and *Ward* v. *Jenkins,* above cited.

But by the fifty-seventh section it is enacted that " suits, actions and proceedings against any association under this act may be had in any circuit, district or territorial court of the United States, held within the district in which such association may be established; or in any state, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases; " provided, however, that all proceedings to enjoin the comptroller of the currency under this act shall be had in a court of the United States.

The plaintiffs contend that this section, except the final proviso, is merely permissive, and does not exclude the bringing of such suits in any court, national or state, having jurisdiction in

similar cases. But, according to their construction, so much of it as relates to courts of the United States would seem to have no effect, except in the case of a plaintiff residing in the district in which the association is established; and so much as relates to the state courts would seem to be wholly useless and superfluous. And the result would be, that, while a citizen of New York could not sue this association in any federal court held beyond the limits of that state, he might bring a suit against it in the courts of any state of the Union, by the laws of which a corporation established in another state might be sued, and in which it might be effectually served with process *Folger* v. *Columbian Insurance Co.* 99 Mass. 272.

Upon full consideration, we are unanimously of opinion that the construction of the act of congress for which the plaintiffs contend cannot be supported, and that the opposite construction must prevail. The whole purpose of the eighth section appears to have been to clothe the association with the attributes of a corporation, including that of suing and being sued. Unaccompanied by further legislation, that would have left the jurisdiction over suits against it to be regulated, according to the subject matter involved or the parties interested, by the existing laws of the United States and the several states respectively. But the fifty-seventh section designates not only the judicial district of the courts of the United States, but the locality of the state courts, within which suits may be brought against such associations; and, by thus regulating the whole subject of suits against such corporations, so far supersedes all other rules, or, to speak more accurately, prevents them from ever applying to such suits. This section manifests the intention of congress that each of these associations should be sued, either in the federal or in the state courts, only in the judicial district in which it is established, and in which its officers may be summoned and its books brought into court with the least interruption and inconvenience of its business; and that the election of plaintiffs to sue in any court whatever should be confined within these limits in all cases.

*Actions dismissed, for want of jurisdiction.*