THE CONTINENTAL NATIONAL BANK *et av. vs.* FOLSOM.*

1. Where a national bank of the State of New York desired to begin proceedings against a person residing in Fulton county, Georgia, and for that purpose gave a bond to pay all damages which the defendant might sustain and all costs that might be incurred by him in consequence of suing out an attachment, in the event the plaintiff should fail to recover in the case (the surety on the bond being a resident of Fulton county), and thereupon obtained an attachment returnable to the city court of Atlanta, in accordance with the statute, that court had jurisdiction of a suit subsequently brought against the principal and surety on the bond to recover damages arising from the suing out of such attachment.

(a) Section 5136, par. 4, of the Revised Statutes of the United States, is not repealed or modified by the amendment to section 5198, nor is there conflict between the two sections, but each may have full operation without interfering with the other, except so far as

---

*This case was argued at the last term before a full bench, before the death of Chief Justice Jackson, who prepared a portion of the opinion, and it was completed by Justice Hall.

v 78-29

suits to recover on account of charges of excessive interest are concerned.

(b) The act of congress of July 13, 1882 (Acts 1st session 46th Congress, p. 163), covers the case and confers jurisdiction.

2. Where a national bank, located in a foreign State, desired to obtain process of attachment in Georgia, and as a condition precedent to the issuing of the writ, gave bond as required by the law of this State, and thereupon the writ issued in its favor, §3354 of the code, which provides that, in a suit on the attachment bond, if the principal be a non-resident, it shall be sufficient to serve a copy of the petition and process on the security, and the action may thereupon proceed against both principal and security, became a part of the bond as fully as if expressly incorporated therein, and in a subsequent suit on such bond, service on the security was sufficient. The proceeding under §3354 of the code is by due process of law; nor does that section conflict with the 14th amendment to the constitution of the United States.

May 4, 1887.

Jurisdiction. Banks. Attachment. Bonds. Service. Constitutional Law. Before Judge VAN EPPS. City Court of Atlanta. December Term, 1885.

Reported in the decision.

MYNATT & HOWELL, for plaintiffs in error.

E. N. BROYLES; R. ARNOLD; F. A. ARNOLD, for defendant.

HALL, Justice.

Folsom sued the Continental National Bank and Campbell Wallace on an attachment bond, which is as follows:

"GEORGIA, Fulton County.

"We, the Continental National Bank, of New York, principal, and                    security, acknowledge ourselves bound unto L. B. Folsom in the sum of fifteen hundred dollars, subject to the following conditions:

"That the said Continental National Bank, of New York, principal, is seeking an attachment against the said L. B. Folsom, which is now about to be sued out, returnable to the June term, 1881, city court of the city of Atlanta, district and county aforesaid.

"Now if the said bank, principal, shall pay all damages that the said L. B. Folsom may sustain, and also all costs that may be incurred by him in consequence of suing out such attachment, in the event that the said plaintiff shall fail to recover in said case, then this bond to be void.

"Executed in presence of C. D. Woodson, Notary Public, Fulton county, Georgia. This 15th day of December, 1879.

CONTINENTAL NATIONAL BANK, [L.S.] of New York, by G. A. HOWELL, its attorney at law. CAMPBELL WALLACE, [L.S.]"

The defendant filed a plea to the jurisdiction to the effect that it is a national bank of the United States, having its being and doing business under a charter granted pursuant to act of congress, and by virtue thereof is not liable to suit anywhere except in the courts of the United States, within the district where established, and in the State and municipal courts therein having jurisdiction in similar cases, and that it is not located in the State of Georgia and county of Fulton, but in the State of New York and the city and county of New York. Afterwards the plea was amended to the effect that the said bank had not been served with process or otherwise in said case, "unless service on said defendant, Campbell Wallace, as security, as set out in the declaration in said case, under section 3354 of the code of Georgia, be held to be legal service on this defendant, which this defendant denies and says that said section of the code is unconstitutional, and the pretended service on this defendant is illegal."

The plea and amended plea were both stricken on demurrer and the jurisdiction retained, and error is assigned on that judgment. So that the first question made by this record is whether, on an attachment bond, given by the plaintiff in attachment with local surety thereon, given as a condition precedent to his procuring the writ of attachment under the statutes of this State, it cannot be sued for damages incurred by breach of the bond in the courts of this State, but must be sued thereon within the State and county where it is located to do business; or, in other words, whether the laws of the United States restrict the

jurisdiction wherein the national banks created under them can be sued, to courts within the States and districts where they are severally located, in a case where the bank sought the forum or venue to bring a suit itself, and in order to sue there, voluntarily gave a bond as a condition precedent to bringing that suit and broke that bond and is sued for that breach.

The second question is, whether service upon it by serving its surety within the State, provided by the statutes of the State in such cases, is legal service upon the bank in such a suit for breach of the bond brought against principal and surety under the constitution of the State?

The first question depends entirely upon a construction of the statutes of the United States relating to these national banks in respect to the courts wherein they may be sued. In the revised statutes, section 5136, paragraph fourth, it is declared that they have power "to sue and be sued, complain and defend, in any court of law and equity as fully as natural persons." This section is nowhere altered and in no particular amended by any addition to itself in any subsequent legislation of congress; but there is an addition, by way of amendment to section 5198, that reads as follows: "That suits, actions and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases." 2d Ed. Rev. Statutes U. S. section 5198; Supp. to Rev. Stat. page 141. If this amendment of the 18th of February, 1875, had been designed to change the jurisdiction given by section 5136 to all courts as fully as those courts have jurisdiction over natural persons, and to confine it to particular territory or locality in all cases of grievance whatsoever by these banks, the question suggests itself, why was it annexed as an amendment to section 5198, and not to the jurisdictional

section of 5136? Section 5198 treats only of interest beyond that allowed these banks, and provides for the recovery by the person from whom such interest is exacted of twice the entire interest paid. So that, as amended, the section as it now reads would make it apply to suits for the recovery of the forfeiture of double the interest paid where usury is exacted, and would confine the change of jurisdiction granted in section 5136 to those suits and no others. The words, "under this title," may well be construed to describe the sort of association, that is as *descriptio personæ;* and the words, "in similar cases," may be construed as referring to cases like those indicated in this section 5198. Why appended to section 5198 and not to 5136 of the revised statutes, unless restricted to suits within section 5198?

Reference to the act itself, chapter 80, page 316 of vol. 18, part 3, of U. S. statutes at large, will make the point much stronger. The act is entitled "An act to correct errors and to supply omissions in the Revised Statutes of the United States;" and it amends the sections of the entire code known as the revised statutes, severally, section by section, beginning with section 65 of that code, and ending with 5515, and it enacts that each section is amended in a particular way; and when section 5198 of the revised statutes is reached, the language used is the following: "Section five thousand one hundred and ninety-eight is amended by adding thereto the following: That suits, actions and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States, held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases." The amendment is of this section, none other, so far as appears from the words of the act, and it seems to us should be restricted to cases arising under the section so amended. The section giving jurisdiction

generally is untouched in words by this amendment, and the question is, shall the jurisdiction, broad as that of natural persons, granted in sec. 5136, be totally changed in all cases by an amendment of a section that treats only of one class of cases? Are there any words in the amendment that necessarily imply the repeal of the grant by section 5136 of the jurisdiction of all courts, Federal and State, by this amendment of a single section, not on the subject of jurisdiction at all, but on one class of suits—for the recovery of usurious penalties? We cannot so see, nor would we so construe the amendment to section 5198, unless we are controlled by some decision of the Supreme Court of the United States thereon.

In Carey *vs.* Adams, 102 U. S. p. 65, that court does appear to have given it a broader construction, and to extend the scope of this amendment to transitory actions generally, and not to confine it to actions for usurious penalties. The Chief Justice, in delivering the opinion, says: "The Federal question in this case is, whether a national bank can be sued in a State court, in a local action, in any other county or city than that where the bank is located." So it would appear that the mind of the court was upon the single point, whether a local action could be maintained upon section 5198. It is strongly intimated *arguendo* that transitory actions cannot be brought, except as provided in this amendment; for it is said that "by section 5198, rev. stat., it is provided that 'suits, actions and proceedings against any association under this title (The National Bank) may be had';" etc., and then it is added, "this, we think, relates to transitory actions only, and not to such actions as are by law local in their character," thereby implying that it does relate to all transitory actions.

Then the court in that case, through the Chief Justice, goes on to argue that the case pending is local, and could be brought against the bank in a State court in Louisiana, because it related to property in the parish of La Fouche',

which had been sold under process of a State court, and the proceeds were for distribution there, and the question was a conflict of privileges among creditors. The mind of the court was never directed to the fact that this restriction of jurisdiction, as given by section 5136, was by an amendment of section 5198 alone, and not by amendment of the jurisdictional section, 5136. It is construed as if it had always been a part of that section, made cotemporaneously with section 5136.

The principle there decided, however, is clearly that section 5198, as it now stands, does not apply to local actions at all, and therefore that it cannot be construed as taking away the general grant *in toto*, because it distinctly excepts that large class of cases *in rem*, and not only those, but all relating thereto touching the proceeds of property and proceedings against the bank as defendant to issues made thereon. There is no exception of local actions at all in the amendment. It covers "suits, actions and proceedings" without exception, and in Carey *vs.* Adams, the court held that it did not necessarily embrace all, and thereby declared it not to be law as respects some actions, suits and proceedings, and in that particular proceeding against the bank that it did not apply, because it would be wholly unreasonable if applied to suits, that from their nature could be better tried as a natural person under the 5136th section of the revised statutes than under this amendment to section 5198. And it might well be so decided, because the amendment is not imperative. The word "may" and not "must" is used in section 5198 as amended. If held to repeal section 5136, and to annul the jurisdiction therein given, certainly no such doubtful word as may would have been used, but the unmistakable must would have been employed in its stead. Further, the amendment would have expressed exclusive jurisdiction in the courts named in the amendment, had it been intended to embrace all cases, and to exclude all courts except those named. See section 629 of the revised

statutes, paragraphs 10 and 11, where original but not exclusive jurisdiction is granted under title Judiciary, chap. 7, and section 711 *et seq.*, where exclusive jurisdiction is granted. In the one the words used are, "shall be exclusive of the courts of the several States"; in the other, "shall have original jurisdiction," are the words used, which do not give jurisdiction exclusive of State courts, because words saying so beyond cavil are not used. The word "may," being merely permissive, cannot possibly be construed to mean that exclusive jurisdiction was meant in this amendment, but concurrent only. 93 U. S. R. 130; 52 N. Y. 96, 98, 101, 105 to 109; 81 N. Y. 385, 391; 18 S. C. 31; 3 Woods, 21, 24, 25; 1 Wheat. 1. Where Congress means exclusive jurisdiction, it says so, and the citations above, from the revised statutes and from the courts, would seem to make it apparent. Certain it is that the courts named in this amendment of 5198 have not exclusive jurisdiction of all cases against these banks, for the construction put upon it, in a case made on a local action or suit or proceeding in a State court of Louisiana, took that case, Carey *vs.* Adams, and all cases local in character without their exclusive jurisdiction, and gave concurrent jurisdiction to the State courts having jurisdiction of natural persons in such cases, thus breaking the force of the amendment as it reads, and taking without its operation all local actions, and giving jurisdiction to other courts certainly concurrent, in some cases necessarily exclusive even, of the courts named in the amendment.

The case now before us is local, and so local that the only court upon earth that can try it upon the bond sued against this bank and its surety is the court in Georgia, in the county of Fulton. The bank began the litigation by the seizure of Folsom's property—real estate in Atlanta—by attachment under a local statute of this State. It had sued Folsom as surety for Hape on a promissory note, and pending that suit attached the property of Folsom by levy upon several city lots, under sections 3297,

3297(a) and following section, of the code, and in order to attach—to procure the writ—as a condition precedent thereto by the statute allowing it to attach, it gave the bond sued on, with Campbell Wallace, of the city of Atlanta and State of Georgia and county of Fulton, as surety on the bond. Code, §§3297(a) and 3266. These sections require the bond to be given before the writ can issue; the language in 3266, which is the general law of attachment, being that "the party seeking the attachment, before the same issues, shall also give bond with good security in an amount," etc.; and in 3297(a), which is in special cases against fraudulent debtors as in this case, the language "and in all cases where an attachment is sought against the fradulent debtor, the officer issuing the same shall require bond and security of the applicant for attachment, as in other cases of attachment."

For the reasons above stated by the late Chief Justice, we are of opinion that §5136 was neither repealed nor modified by §5198 of the revised statutes. There is no conflict between the two sections, but each may have full operation without interfering with the other, except so far as suits for the recovery of excessive interest are concerned.

Be this as it may, since the foregoing part of this opinion was agreed upon by the court and written by the late Chief Justice, our attention has been called to the proviso contained in section 4 of an act of Congress, approved July 12, 1882, entitled "An act to establish national banking associations, to extend their corporate existence, and for other purposes." The proviso designates the county in which suits by and against such banking associations are cognizable, and regulates the terms upon which the jurisdiction attaches. It is in the following words: "That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the

same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States, which do or might do banking business, where such national banking associations may be doing business when such suits may be begun. And all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby, repealed." (Acts 1st session 47th Congress U. S. 1882, p. 163.)

This act was of force at the commencement of the present suit, and by its terms made this banking association subject to the jurisdiction of our courts, if a local banking institution of the State and city of New York, where it is located and doing business, would, under similar circumstances, have been subject to their jurisdictions. It has, as we think, been demonstrated that a non-resident artificial person, seeking the aid of our State tribunals to enforce demands due to such a person by resorting to the process it did in this case, would voluntarily bring itself within this jurisdiction, and when once it has submitted itself to such jurisdiction, it could not withdraw without complying with the conditions on which alone it was permitted to enter and avail itself of the extraordinary remedies afforded by our laws.

2. This suit on the attachment bond was brought against the Continental National Bank, of New York, located and doing business in that State and city, as principal in said bond, and against Campbell Wallace, of Fulton county, Georgia, as its security on said bond, and a copy of the petition and process was served on the said security to the bond given by the plaintiff in the attachment, which, according to the provisions of our code, §3354, was service upon his principal and entitled the plaintiff in this action to proceed with his suit against both principal and security. Without entering into this obligation and subjecting itself to the remedy thus provided in case of a breach of the condition of the bond, the defendant in the attachment could never have been called into our courts to answer, by this

process of attachment, the demand of the plaintiff therein. In our opinion, the remedy afforded by the law to the defendant in the attachment, upon a breach of the condition of this obligation, was as much a part of such bond as though it had been expressly stated therein. It was the indemnity offered him and which he was bound to accept. This, it seems to us, is that " due process of law," without which no State can deprive any person of life, liberty or property, and we are unable to perceive how the enactments in question can be considered as denying to any person within its jurisdiction the equal protection of its laws. The statute applies alike to both resident and nonresident citizens, whether they be natural or artificial persons. This law does not, in our opinion, conflict with the 14th amendment of the constitution of the United States. It would be a mere waste of time to cite the numerous authorities upon the question, which may be found scattered through the reports and collected in the various works on constitutional law.

Judgment affirmed.