LEVITAN *v.* HOUGHTON NATIONAL BANK.

BANKS AND BANKING—EQUITY JURISDICTION—NATIONAL BANKS—VENUE.

Under Act of Congress July 12, 1882, chap. 290, 22 U. S. Stat. 162, section 4, a bill of complaint may be filed in Washtenaw county, where complainant resides, against a national bank of the county of Houghton. The act of 1882 providing that jurisdiction should be the same as in actions against other than national banks was not superseded or repealed by 24 U. S. Stat. 554, as amended by act of August 13, 1888, 25 U. S. Stat. 436 (U. S. Comp. Stat. 1901, p. 514). Nor does the former statute refer only to the jurisdiction of Federal courts: it applies to actions instituted in the courts of the State in which the defendant is a resident.

Appeal from Washtenaw; Kinne, J. Submitted October 9, 1912. (Docket No. 14.) Decided April 8, 1913.

Bill by Rae Levitan against the Houghton National Bank. Defendant filed a plea to the jurisdiction, which the court sustained, dismissing the bill. Complainant appeals. Reversed.

*Arthur E. Fixel* and *Max Finkelston* (*Bernard B. Selling*, of counsel), for complainant.

*Allen F. Rees*, for defendant.

PER CURIAM. A bill of complaint was filed against the defendant in the circuit court for the county of Washtenaw, which is the home of the complainant. The defendant is a national bank organized under the laws of the United States and is located in the county of Houghton in this State, where it conducts its business.

Upon the filing of the bill of complaint, the defendant filed a plea to the jurisdiction, upon the ground that a State court could not entertain jurisdiction in a proceeding or suit

against a national bank, except in the county or city in which the association is located. This plea was sustained, and, in accordance with the rule, the bill of complaint was dismissed, and this appeal is from the order so made.

At present the sole question before the court is as to the jurisdiction of the circuit court for the county of Washtenaw. The complainant claims jurisdiction for the circuit court of Washtenaw county under the provisions of section 434, 1 Comp. Laws (4 How. Stat. [2d Ed.] § 11951). The defendant's position is based upon the Federal legislation with respect to national banks.

The statutes bearing upon the controversy are as follows:

"(434) SEC. 22. Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local, and if it is not local, in the county where one of the parties in interest resides, if either is a resident of the State." etc. 1 Comp. Laws, § 434.

Section 5198 of the Revised Statutes of the United States, found in the United States Compiled Statutes of 1901, vol. 3, p. 3493, provides as follows:

" The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions, and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similiar cases." Act February 18, 1875, chap. 80, 18 U. S. Stat. 320.

In 1882 Congress passed "An act to enable national banking associations to extend their corporate existence and for other purposes." Act July 12, 1882, chap. 290, 22 U. S. Stat. 162 (U. S. Comp. Stat. 1901, pp. 3457–3460). Section 4 of that act reads as follows:

" SEC. 4. That any association so extending the period of its succession shall continue to enjoy all the rights and privileges and immunities granted and shall continue to be subject to all the duties, liabilities and restrictions imposed by the Revised Statutes of the United States and other acts having reference to national banking associations, and it shall continue to be in all respects the identical association it was before the extension of its period of succession: Provided, however, that the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun; and all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby, repealed."

It is upon this act that complainant bases her right to maintain this proceeding.

In 1887 Congress passed an act entitled:

" An act to amend the act of Congress approved March third, eighteen hundred and seventy-five, entitled 'An act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from State courts, and for other purposes, and to further regulate the jurisdiction of circuit courts of the United States and for other purposes."

This act is known as the act of March 3, 1887. Certain corrections in the act of March 3, 1887, were made by the act of August 13, 1888. Section 4 of this act reads as follows:

" SEC. 4. That all national banking associations estab-

lished under the laws of the United States shall, for the purposes of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State." Act March 3, 1887, chap. 373, § 4, 24 U. S. Stat. 554, amended by Act Aug. 13, 1888, chap. 866, 25 U. S. Stat. 436 (U. S. Comp. Stat. 1901, p. 514).

The questions involved are:

(1) Is the act of 1882, above referred to, providing "that the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States or its officers and agents, shall be the same as and not other than the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun, and all laws and parts of laws of the United States inconsistent with this provision be and they are hereby repealed," still in force?

(2) Does the act of 1882 mean that the complainant residing in Ann Arbor may maintain a chancery proceeding in the Washtenaw circuit court, in chancery, against the Houghton National Bank (over its objection to the jurisdiction), just as she could if the defendant were a Houghton county State bank? The complainant answers both of these questions in the affirmative.

After the enactment of the national banking act of 1864, the courts were not agreed whether State courts had jurisdiction in suits against national banks where the suit was started in a county other than the one where the bank was located.

It is the claim of complainant that, to do away with this uncertainty, section 4 of the act of July 12, 1882, was enacted, and that its provisions are still in force. It is the

claim of defendant, and we cannot do better than quote from his brief:

"There are two reasons for the statement that the contention of the complainant cannot be sustained:

"(1) The proviso of the act of July 12, 1882, is no longer in force and has not been in force since the act of 1887, which superseded it.

"(2) The proviso of the act of July 12, 1882, did not repeal or in any manner affect the provisions of section 5198, Revised Statutes, relating to the venue of actions against National Banks.

"The act of July 12, 1882, constituted an amendment of certain sections of the national banking act, and did not constitute a revision of the national banking laws, as stated by complainant on page 6. The title of the act was 'To enable national banking associations to extend their corporate existence and for other purposes,' and in section 4 of the act, which related to the extension of corporate existence, there was added the proviso in question in the following words:

"'Provided, however, that the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun; and all laws and parts of laws of the United States inconsistent with this proviso, be and the same are hereby repealed.'

"We have stated above that this proviso has been superseded by later legislation and is no longer in force. On the contrary, section 5198 of the Revised Statutes has been deemed to have remained in force, is included in present editions of the Revised Statutes, and, as stated at page 6 of complainant's brief, is now included in the United States Compiled Statutes of 1901, vol. 3, p. 3493, where the section is set out in full, including the proviso with relation to the venue of suits. But the act of July 12, 1882, so far as concerns the proviso in question, is not included in the later editions of the Revised Statutes, because it has been superseded and is no longer in force. Thus in the Annotated Federal Statutes published in 1905, section 5198 is included as in force, volume 5, p. 196.

"With regard to the proviso of 1882, the same work, at page 193, includes as in force section 4 of the act of August 13, 1888, and says, 'This section supersedes the following sections of the Revised Statutes,' and then quotes section 563 of the judiciary act of 1864 and section 629 of the same act which provided that district and circuit courts of the United States shall have jurisdiction of suits by or against national banking associations, and the text also says, 'The section in the text also superseded the closing paragraph of section 4 of the act of July 12, 1882.' It thus appears in this compilation that the proviso of section 4 of the act of 1882 has been superseded and is no longer in force and has not been in force since the act of August 13, 1888.

"It is also true that section 4 of the act of 1882 is not included in other recent editions of the Revised Statutes of the United States, nor, we believe, in the United States Compiled Statutes of 1901, again showing that it is not deemed to be in force and has been superseded, whereas section 5198 is published as one of the acts of the United States still in force.

"The proviso of 1882, which has thus been superseded, is as above set out, and it was superseded by the provisions of the act of March 3, 1887, re-enacted in the act of August 13, 1888, and now in force as follows:

"'That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same State. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank.'

"The authorities hereinafter cited clearly indicate that the proviso of the act of July 12, 1882, has thus been superseded and is no longer existent as in force for any purpose whatsoever. If it has been superseded by the later provision of 1888, then section 5198 is in force and is a bar to the maintenance of the pending suit in the circuit court for the county of Washtenaw."

It is true, as stated by counsel, that in the Annotated

Federal Statutes of 1905, published by Edward Thompson Company, the note says that the proviso in section 4 of the act of 1882 has been superseded. That annotation, however, does quote part of section 4 of act of 1882, at page 91, down to the words "provided, however," when the balance of the section is filled in with asterisks and a reference is made to page 194. It is evident that the only authority the editor had for doing this is to be found in the construction he put upon section 4 of the act of August 13, 1888. The solicitor for the defendant is mistaken in saying "that section 4 of the act of 1882 is not included in other recent editions of the Revised Statutes of the United States, nor we believe in the United States Compiled Statutes of 1901." As already appears in this opinion, this section does appear in full at page 3458 in volume 3, Revised Statutes of 1901, published by the West Publishing Company, and which publication states upon the title page that it embraces the statutes of the United States of a general and permanent nature in force March 1, 1901. The 1911 supplement to the 1901 United States Compiled Statutes, purporting to bring the statutes of a general and permanent nature down to August 22, 1911, at page 1514 says:

"Act July 12, 1882, c. 290, mentioned in this act is set forth in Comp. St. 1901, p. 3457."

There is not a suggestion in this compilation that section 4, act of 1882, is not still in force. We think the act shows a disposition upon the part of Congress to enlarge the jurisdiction of all State courts so that national banks could sue and be sued wherever State banks similarly located could. The language of the act clearly indicates its purpose to place State and national banks similarly located in the same position as regards jurisdiction and locality for suits against them. In the absence of words of repeal in the act of August 13, 1888, we do not think it should be said that there is a repeal by implication, but that each section of the statute was passed to take care of

a contingency that was not covered by the other sections.

The solicitor for defendant contends that, even though section 4 of the act of 1882 has not been superseded, it applies to Federal courts.  We again quote from the brief:

"The fact that the act of 1888, which undeniably has reference only to the jurisdiction of the Federal courts, has been held to have superseded the act of 1882, which, since 1888, has not been in force, is also a clear indication that the act of 1882, like the act of 1888, must have had reference only to the jurisdiction of the Federal courts; but the act of 1882, if applied to Federal courts only, did not in any manner interfere with the provisions of section 5198, specifying the Federal courts in which actions must be brought.  It continued to be, and is now, the law that suits against national banks must be brought in the Federal court held within the district in which the bank is situated.  To the same extent, if it is considered that the act of 1882 had any reference to State courts (which we submit it did not under the decisions of the Supreme Court of the United States), it is true that the fixing by that act of the limits of the jurisdiction of courts did not in any manner affect the provisions with relation to the particular courts in which actions should be brought. The act of 1882 constituted an additional limitation upon the jurisdiction of courts and not an enlargement of jurisdiction.  As stated in the above citations, it was intended by Congress as a limitation upon jurisdiction, and further it was intended as a limitation upon the jurisdiction of Federal courts."

We think a careful reading of the section itself does not harmonize with this view of counsel.  There is a reference made to this statute by Justice Harlan in *First Nat. Bank of Charlotte* v. *Morgan,* 132 U. S. 141 (10 Sup. Ct. 37), which was a suit brought, before the act of 1882 took effect, in a State court other than the county where the bank was located.  In that case it was held that, by going to trial upon the merits, the bank had waived the question of jurisdiction.  The court then said:

"It is proper to say that we lay no stress upon the proviso of the fourth section of the act of July 12, 1882,

entitled ' An act to enable national banking associations to extend their corporate existence, and for other purposes.' 22 Stat. 162–163, c. 290, § 4.    That proviso refers only to suits by or against national banking associations, brought after the passage of that act.    The present suit was commenced before that date."

This is a pretty clear intimation that the learned justice thought the section referred to State courts.

There is also a reference to the statute by Justice Holmes in *Freeman Manfg. Co* v. *National Bank,* 160 Mass. 398 (35 N. E. 865), in which the following language is used:

"Then a proviso in U. S. St. July 12, 1882, § 4, enacts that ' the jurisdiction for suits' by or against the banks, with certain exceptions not material, 'shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun,' and repeals inconsistent laws.

" It is true that one result of this act is to put an end to the special jurisdiction of the United States courts over national banks, and thus to end the power of citizens of the same State as the bank to get an injunction anywhere, while it leaves that power to citizens of another State, who have a right to sue in the circuit court by virtue of their citizenship. *Pacific Nat. Bank* v. *Mixter*, 124 U. S. 721, 727 [8 Sup. Ct. 718]; *Petri* v. *National Bank*, 142 U. S. 644, 649 [12 Sup. Ct. 325].    But this accidental advantage is not sufficient ground to affect our construction of the act.    Obviously the purpose of the law is to limit the jurisdiction of the United States courts and to do away with the limitations of venue imposed by the earlier statutes on the State courts. *Petri* v. *National Bank*, 142 U. S. 644, 648, 649 [12 Sup. Ct. 325].    By the earlier acts, suits might be begun ' in any State, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases.'    U. S. St. June 3, 1864, c. 106, § 57 (13 U. S. Sts. at Large, 116, 117); U. S. St. February 18, 1875 (18 U. S. Sts. at Large, 320).    We are of opinion that the language denotes merely what courts shall have power to entertain suits by or against national banks, and that the phrase as to jurisdic-

tion does not repeal the prohibition of preliminary injunctions in U. S. Rev. Sts. § 5242."

It is true neither of these cases is controlling, but the views of these two able jurists are illuminating upon the meaning of the language. We think the learned trial judge reached a wrong conclusion and that he should have taken jurisdiction and tried the case.

The decree is reversed, with costs to appellant.