ROBERT K. CASSATT ET AL., TRADING AS CASSATT & COMPANY, PLAINTIFFS, v. THE FIRST NATIONAL BANK OF WEST NEW YORK, NEW JERSEY, A CORPORATION, DEFENDANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *McCarter & English* (*George W. C. McCarter*, on the brief).

For the defendant-prosecutor, *Samuel L. Hirschberg*.

PER CURIAM.

The suit is brought to recover the purchase price of stock alleged to have been purchased by the defendant from the plaintiffs. The plaintiffs are a partnership whose principal office is in the city of Philadelphia and one of whom resides in the city of Camden. The defendant is a national banking association with its place of business in West New York, Hudson county, New Jersey. The suit was instituted in the Supreme Court and the venue laid in Camden county. The rule is to show cause why the venue should not be changed to some other county. The prosecutor contends, first, that a change of venue in the case should be granted as a matter of right, and second, that if the court should determine that the defendant is not entitled to the change of venue as a matter of right, the discretion of the court should be exercised in favor of the defendant.

Our attention is directed to section 94 of the United States Code, title 12, chapter 2, National Banks, which provides:

"Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States, held within the district in which such association may be established, or in any state, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases. (R. S., Sec. 5198; Feb. 18, 1875, C. 90; Sec. 1, 18 Stat. 320.)"

The prosecutor imputes such force to that language as that the defendant association being located in Hudson county, the venue in the present suit must be laid in that county, and in support of its contention cites *Raiola doing business, &c., American and British Travelers Club* v. *Los Angeles First National Trust and Savings Bank*, 133 *N. Y. Mis.* 630; and *Crocker* v. *Marine National Bank*, 101 *Mass.* 240.

We are inclined to think that the direct application of the statute is to jurisdiction and that it is not in such potent control of venue as to be imperative in the present case. The decisions to which we have just referred arose out of instances in which the banking institutions were not located physically within the territorial jurisdiction of the courts in which the actions were brought. The Supreme Court of this state together with the Court of Chancery and the Prerogative Court are courts of state-wide original jurisdiction and are "in" every county and municipality of the state. It would hardly be argued, for instance, that a national banking association with its place of business in a county where no Chancery chambers were maintained could not be made a party defendant to an appropriate suit in the Court of Chancery. We are not persuaded that a change of venue should be allowed as a matter of right.

It is, of course, within the discretion of the court to grant a change of venue (*Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482), if a proper case is presented for the affirmative use of that discretion. So far as the needs of the trial are disclosed, there will be no occasion for the exhaustive production of either officials or records. It appears that the matter is one within a limited compass and that the absence from the bank of such officials and documents as are necessary for the trial will not seriously inconvenience the defendant in its banking operations. As against a nice balancing of circumstances of mere accommodation to the parties, the legal right of the plaintiff should prevail. *Demarest* v. *Hurd,* 46 *N. J. L.* 471. It is for the prosecutor to show special cause for changing the venue. *State Bank at Morris* v. *Hedenberg,* 16 *N. J. L.* 352.

We conclude that the rule should be dismissed, with costs.