E. J. CROFOOT, Plaintiff, *v.* L. MARIO GIANNINI et al., Defendants.

Supreme Court, Special Term, New York County, October 4, 1949.

*Cahill, Gordon, Zackry & Reindel* for plaintiff.

*Lyeth & Voorhees* for Bank of America National Trust & Savings Association, defendant appearing specially.

PECORA, J. Defendant, Bank of America National Trust & Savings Association, appearing specially has moved to set aside the service of the summons herein and to dismiss the complaint on the ground that said defendant cannot, without its consent, be subjected to the jurisdiction of the courts of this State. Defendant's contention is based on section 94 of title 12 of the United States Code (the last sentence of U. S. Rev. Stat., § 5198). Under said section actions against a national banking association " may be had * * * in any State * * * in which said association is located ". In interpreting this section, earlier New York cases held that the section was permissive and not

mandatory, and that a national banking association located in another State could, nevertheless, be sued in New York. (*Talmadge* v. *Third Nat. Bank,* 91 N. Y. 531; *Robinson* v. *National Bank of Newberne,* 81 N. Y. 385.) Since the decisions in those cases the Federal courts have passed upon the question, and have held the provisions mandatory. (*First Nat. Bank of Charlotte* v. *Morgan,* 132 U. S. 141; *Leonardi* v. *Chase Nat. Bank,* 81 F. 2d 19 [C. C. A. 2d], certiorari denied 298 U. S. 677.) Being a creature of Federal, rather than State law, the question of where a national banking association can be sued is governed by the laws of the United States. Recently in *Cope* v. *Anderson* (331 U. S. 461) the Supreme Court said (p. 467): " For jurisdictional purposes, a national bank is a ' citizen ' of the state in which it is established or located, 28 U. S. C. § 41 (16), and in that district alone can it be sued. 12 U. S. C. § 94."

Since movant is a national banking institution " located " in San Francisco, California, it cannot be sued in the courts of this State, without its consent. The motion to vacate service of summons and to dismiss the complaint will be granted. A similar result was reached in *Lane* v. *Blue Ribbon Trading Corp.* (N. Y. L. J., May 25, 1949, p. 1869, col. 2, STEUER, J.) and in *International Refugee Organization* v. *Bank of America Nat.' Trust & Sav. Assn.* (U. S. Dist. Ct., So. Dist. N. Y., July 18, 1949, LEIBELL, J.).

Settle order.