[Civ. No. 15234. First Dist., Div. One. Oct. 27, 1952.]

MONARCH WINE COMPANY, INC. (a Corporation) et al., Respondents, v. FELIX BUTTE, JR., et al., Defendants; CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES; Appellant.

Cosgrove, Cramer, Diether & Rindge, Brobeck, Phleger & Harrison, Moses Lasky and Richard Haas for Appellant.

Bronson, Bronson & McKinnon for Respondents.

BRAY, J.—Defendant Citizens National Trust and Savings Bank of Los Angeles* appeals from an order denying its motion for change of venue from the San Francisco Superior Court to that of Los Angeles County.

### QUESTION PRESENTED

Does title 12, U.S.C.A., section 94, give a national bank, regardless of the California venue laws, the right to have an action against it tried in the county of its residence?

### RECORD

Plaintiffs sued defendant and others in the San Francisco Superior Court on combined causes of action to recover proceeds of certain fire insurance policies. Defendant is a national banking association whose main office and banking house is in Los Angeles County. Defendant moved for change of venue to that county, relying upon section 94, hereafter set forth. One of the other defendants, Felix Butte, Jr., is a resident of San Francisco. Based on that fact and the pro-

*Referred to as "defendant."

visions of section 395 of the Code of Civil Procedure, the motion was denied.

## SECTION 94

Title 12, U.S.C.A., section 94, provides: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

It is conceded that as a national bank is a creature of federal, rather than state law, its rights to sue or be sued are those granted and defined by congressional acts, and that the question of where it can be sued is governed by the laws of the United States. (See *Crofoot* v. *Giannini*, 196 Misc. 213 [92 N.Y.S.2d 191]; *Burns* v. *Northwestern Nat. Bank of Minneapolis, Minn.* (1935), 65 N.D. 473 [260 N.W. 253].) Thus, there is no question but that the Congress has the power to require that the national banks be sued only at the place of residence. The question is, did it by the provisions of section 94, do so? The plain reading of the section would indicate that it did. Actions against a national bank "may be had in any district" (this obviously refers to districts of the federal courts) "or in any State, county or municipal court in the county or city" in which the bank is located.

The federal cases interpreting section 94 seem to establish three propositions: (1) Where actions against a national bank are brought in a state court outside the state where it is located the action must be dismissed because there is no procedure for transferring the action from one state to another. See *Schmitt* v. *Tobin*, 15 F.Supp. 35, where an action brought in Nevada against a California national bank was dismissed. (2) Where the actions are brought in a federal court in a district other than that in which the bank is located the actions formerly were required to be dismissed as the federal law provided no procedure for transfer. See *Leonardi* v. *Chase Nat. Bank of City of New York*, 81 F.2d 19, where the court dismissed an action brought against a national bank in a federal court in a district other than that of the bank's residence. (To the same effect, *International Refugee Organization* v. *Bank of America*, 86 F.Supp. 884, and *Buffum* v. *Chase Nat. Bank of City of New York*, 192 F.2d 58.) Such a procedure has now been provided and the case would now be transferred to the proper district. Plaintiffs concede that

the law as to these two propositions is as above stated. (3) Where the action is brought in a state court of a state in which the bank is located but not in the county of its location, and where state law has a procedure for change of venue, the action must not be dismissed, but upon application must be transferred to the county in which the bank is located. There are three federal cases upon this subject. The first is *First Nat. Bank of Charlotte* v. *Morgan*, 132 U.S. 141 [10 S.Ct. 37, 33 L.Ed. 282]. There an action was brought in Cleveland County, North Carolina, against a national bank residing in Mecklenburg County of the same state for a penalty for charging the plaintiff a greater interest than the law allowed. The bank answered with a general denial and a plea of the statute of limitations. From a judgment against it the bank appealed, claiming that under section 5198 of the Revised Statutes (the predecessor of section 94 and containing practically the same language) the action could not be brought in a county other than that of the bank's residence. The court pointed out that the section gave national banking associations "exemption . . . from suits in state courts, established elsewhere than in the county or city in which such associations were located . . . for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts." (P. 145.) The court then stated, in effect, that had the bank claimed the exemption when it appeared in the superior court of Cleveland County the action would have had to be transferred. The exemption was a personal privilege that the bank could and did waive. But having made defense upon the merits and not having chosen to claim immunity from suit in that court, it was too late now to claim it for the first time upon appeal. While the action there was one for a penalty under the then Bank Act, the decision cannot be limited to actions thereunder, as it was held in *Leonardi* v. *Chase Nat. Bank of City of New York*, supra, 81 F.2d 19, that the exemption was not restricted to actions under the particular act but to all actions against national banks.

*Casey* v. *Adams*, 102 U.S. 66 [26 L.Ed. 52], was an action concerning real property brought in a Louisiana state court, parish of La Fourche, against, among others, Casey, the receiver of a national bank established in New Orleans, which was in another parish. In considering the question of the effect of the predecessor of section 94 the court stated (pp.

67-68) : ". . . sect 5198 . . . we think, relates to transitory actions only, and not to such actions as are by law local in their character. Section 5136 subjects the banks to suits at law or in equity as fully as natural persons, and we see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting the locality of actions founded on local things. The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local·actions are in the nature of suits *in rem,* and are to be prosecuted where the thing on which they are founded is situated. To give the act of Congress the construction now contended for would be in effect to declare that a national bank could not be sued at all in a local action where the thing about which the suit was brought was not in the judicial district of the United States within which the bank was located." That case was decided in 1880 and *First Nat. Bank of Charlotte* v. *Morgan, supra,* 132 U.S. 141, in November, 1889. In March, 1890, came *Fresno Nat. Bank* v. *Superior Court,* 83 Cal. 491 [24 P. 157]. There a national bank whose residence was in Fresno County sought to prohibit the Superior Court of San Joaquin County from further proceeding in an action brought against the bank on a building contract. The bank contended, among other grounds, that section 5198, United States Revised Statutes, denied *jurisdiction* to any state court except the court of the county of the bank's residence. In determining this question the court referred to *Casey* v. *Adams, supra,* 102 U.S. 66, saying that the remark of the Supreme Court therein that section 5198 "relates to transitory actions only" was not necessary to the decision and "there is nothing in section 5198 relating to the distinction between local and transitory actions." (P. 499.) It then referred to section 5136 Rev.Stats., which provides that national banks " 'shall have power . . . 4. To sue and be sued, complain and defend, *in any court of law and equity,* as fully as natural persons' " and quoted from *Claflin* v. *Houseman,* 93 U.S. 130 [23 L.Ed. 833], to the effect that these sections of the Revised Statutes gave state courts *jurisdiction* of actions by and against national banks. It stated that there is nothing in the distinction between local and transitory actions which should affect the application of these sections "except,

perhaps, when local actions are purely *in rem,* and therefore require no actual service of process upon any person, natural or artificial." (P. 500.) It then held that the Superior Court of San Joaquin County had *jurisdiction* of the person of the defendant, but that, upon the showing made, that county was not the proper county in which to commence the action against the bank. However, as the bank had filed the necessary motion and demand for change of venue (which had not been acted upon) that motion gave the bank "a plain, speedy, and adequate remedy, in the ordinary course of law, for the error and wrong of commencing the action in an improper county." Thus, it is apparent that the court was considering the effect of the federal sections on *jurisdiction* and not *venue.* It is not clear from the opinion as to whether when it referred to the action being brought in an "improper county" it meant improper under section 5198 of the federal statute or under the California venue laws which it discussed, or both. Again the court gave no consideration to the Charlotte case, *supra,* which had been decided a few months before. In the two federal cases dealing with the exact subject it was held that the federal statutes gave national banks the right to have their cases tried in their own counties, except in actions of a local character. The Fresno National Bank case (*supra,* 83 Cal. 491) did not hold to the contrary. Its holding was, in effect, that the language in the Casey case did not imply that a state court other than that of the bank's residence was deprived of *jurisdiction* to have the suit brought in that court. To that extent the decision agrees with the holding in the Charlotte case, and in *Leonardi* v. *Chase Nat. Bank of City of New York, supra,* 81 F.2d 19, that section 5198 relates to venue, rather than jurisdiction.

The New York courts since 1883 in dealing with the question of whether the statute in question is mandatory or permissive, have held it mandatory, saying, "Where the meaning of a federal statute is to be ascertained, the decisions of the federal courts construing the statute are controlling on the state courts." (*Raiola* v. *Los Angeles First Nat. Trust & S. Bank,* 133 Misc. 630 [233 N.Y.S. 301, 305] ; see, also, *Crofoot* v. *Giannini, supra,* 92 N.Y.S.2d 191, and *Rabinowitz* v. *Kaiser-Frazer Corp.,* 96 N.Y.S.2d 638.) While these were cases dealing with actions against national banks whose residences were outside the state we can see no difference in the language or the effect of that portion of section 94 referring to suits not

brought in the state of the bank's residence and those not brought in the county of its residence. *Crocker* v. *Marine Nat. Bank of New York,* 101 Mass. 240 [3 Am.Rep. 336], and *Burns* v. *Northwestern Nat. Bank of Minneapolis, Minn., supra,* 260 N.W. 253, held the same way as the cited New York cases.

There are cases in other states holding that section 94 and its predecessor section were intended to be permissive and to confer jurisdiction upon proper state courts, leaving to such courts, after the action is commenced, the matter of a change of place of trial. In *Curlee* v. *National Bank of Fayetteville,* 187 N.C. 119 [121 S.E. 194], the court followed the reasoning of an early New York case expressly overruled by the later New York cases cited above. It also cited as authority the Fresno National Bank case, *supra,* which as we have pointed out above dealt with jurisdiction rather than venue. *Continental Nat. Bank* v. *Folsom,* 78 Ga. 449 [3 S.E. 269], was likewise based in part on the early New York case. In *De Cock* v. *O'Connell,* 188 Minn. 228 [246 N.W. 885, 86 A.L.R. 41], and *Brust* v. *First Nat. Bank,* 184 Wis. 15 [198 N.W. 749], the opinions were based on *Levitan* v. *Houghton Nat. Bank,* 174 Mich. 566 [140 N.W. 1019], which was not considering venue but jurisdiction as the trial court had dismissed the action because not brought in the county of the bank's residence. *Stewart* v. *First Nat. Bank & Trust Co. of Helena,* 93 Mont. 390 [18 P.2d 801], based its decision on the Curlee, Brust and Fresno National Bank cases, among others.

*First Nat. Bank of Linden* v. *Alston,* 231 Ala. 348 [165 So. 241], on the other hand, in effect held the statute to be mandatory, but it followed the rule in the Casey case and found the action to be local rather than transitory. *Merchants' Nat. Bank* v. *Henderson,* 218 Iowa 657 [254 N.W. 65], likewise followed the Casey case and held its action to be local in character.

*Guerra* v. *Lemburg,* (Tex.Civ.App.) 22 S.W.2d 336, contrary to the decisions in *Leonardi* v. *Chase Nat. Bank of City of New York, supra,* 81 F.2d 19, *Schmitt* v. *Tobin, supra,* 15 F.Supp. 35, and *Rabinowitz* v. *Kaiser-Frazer Corp., supra,* 96 N.Y.S.2d 638, held that section 94 applied only to actions for penalties for usury. *Cassatt* v. *First Nat. Bank,* 9 N.J. Misc. 222 [153 A. 377], without discussing the federal cases on the subject and in spite of them, held section 94 applied to jurisdiction and not to venue.

The language in *Buffum* v. *Chase Nat. Bank of City of New York, supra,* 192 F.2d 58, although the court was dealing with an action brought against a bank in a state other than that of its residence, applies here (p. 60) : ''The issue here then is not one of jurisdiction of the subject matter, but one as to the proper venue, the proper locality. (*Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U.S. 165, at page 168, 60 S.Ct. 153, 84 L.Ed. 167.) It seems clear that the proper venue, in the absence of waiver or consent, is determined by Section 94 of 12 U.S.C.A.'' And referring to *Leonardi* v. *Chase Nat. Bank of City of New York, supra,* 81 F.2d 19, the court said (p. 60) : ''It was expressly held in that case that a suit against such a bank may be maintained only in the place of its establishment, i.e., its location.''

In spite of the above decisions of some state courts we believe (1) we are bound by the decisions of the United States courts on the interpretation of section 94; (2) those courts have held directly in the Charlotte and Casey cases as to suits brought in the wrong county of a state and indirectly in other cases dealing with suits brought in the wrong state or in the wrong federal district, that section 94 is mandatory. Even though it is possible that the discussion in the Charlotte and Casey cases may have been dicta, as contended by plaintiff, the reasoning is the same as used in the cases dealing with actions in the wrong state and federal district. If it was intended that the national bank could be sued in any county of the state, it would have been sufficient for the section to state ''in any state, county or municipal court of the state in which the bank is located.'' But the section said the action is to be brought in the ''court in the county or city'' in which the bank is located. (3) The plain and logical reading of the section shows that there is no difference in meaning between the various portions of the section, and (4) defendant is entitled as a matter of right under section 94 to a change of venue to the county of its residence. Hence the order denying its motion for such change was erroneous.

The order is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.