THRIFT, Respondent, v. THRIFT, Appellant.

(No. 3,875.)

(Submitted February 2, 1918.   Decided February 27, 1918.)

[171 Pac. 272.]

*Divorce—Alimony—Summons—Insufficient Service—Disposition of Property—Void Decree—Appeal and Error.*

Divorce—Alimony—Summons—Service by Publication—Void Decree.
   1.   A decree of divorce granting alimony in a sum certain, being *in personam*, cannot be rendered upon substituted service of summons alone.

Same—Disposition of Husband's Realty—Void Decree.
   2.   Where defendant in a divorce proceeding was a resident of another state, and service of summons was had by publication, no appearance being made by him before trial, and real property owned by him was not first brought under the control of the court by proper proceedings, it was without jurisdiction to transfer to the wife absolute title to it, in addition to awarding her alimony.

Same—Realty—Trust—What Does not Create.
   3.   Though separate funds of the wife suing for a divorce, may have been employed in the improvement of lands owned by the husband, a trust or interest in the property itself is not thereby created in her favor.

Same—Decree—Custody of Minor—When Ineffective.
   4.   A divorce decree has no extraterritorial effect, and is therefore a nullity in so far as it attempts to award the custody of a minor child, residing in another state, to plaintiff residing in Montana.

   [As to extraterritorial effect of decrees for divorce, see notes in 83 Am. St. Rep. 616; 94 Am. St. Rep. 553.]

Appeal and Error—Court Bound by Record.
   5.   On appeal, the supreme court is bound by the record and may not decide the case presented upon statements in appellant's brief not borne out by the record.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

Action for divorce by Florence Thrift against Harmon Thrift. From an order denying defendant's motion to have eliminated from the decree certain provisions, he appeals.   Reversed and remanded.

*Messrs. Stranahan & Stranahan,* for Appellant, submitted a brief; *Mr. F. E. Stranahan* argued the cause orally.

*Mr. H. S. McGinley,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Upon the trial of this case the district court granted a divorce in favor of the plaintiff, awarded her alimony in a specific sum, payable monthly, transferred to her absolutely certain real property belonging to the defendant, and gave to her the custody of a minor child, the issue of the marriage. The defendant and the child were residents of Indiana. Service of summons was made by publication, and there was no appearance by defendant before trial. Subsequently defendant appeared specially and moved to have eliminated from the decree the provisions for alimony, the transfer of the real estate, and the custody of the child. The motion was denied, and this appeal is from the order.

1. In so far as the decree awards alimony in a sum certain [1] it is *in personam* (14 Cyc. 745), and it is now settled beyond controversy that such a decree cannot be rendered upon substituted service alone. (*Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565; *Silver Camp Min. Co.* v. *Dickert*, 31 Mont. 488, 3 Ann. Cas. 1000, 67 L. R. A. 940, 78 Pac. 967.)

2. The decree assumes to transfer to plaintiff absolutely 160 [2] acres of land belonging to defendant and acquired by him under the homestead laws of the United States, without having first brought the property under the control of the court by appropriate proceedings. If this property had been impounded, a judgment for alimony in a sum certain, even though rendered on substituted service, might have been satisfied out of the property, but not otherwise (*English* v. *Jenks, ante,* p. 295, 169 Pac. 727), or the property itself might have been set over to the use of the wife *for a limited period,* as authorized by section 3685, Revised Codes; but under no circumstances could the court transfer the title absolutely, and, having failed to subject the property to its control, the order affecting it is void. The fact [3] that the separate funds of the wife may have been employed in the improvement of these lands does not create a trust or interest in the property itself in her favor. (*Cizek* v. *Cizek* (on rehearing), 69 Neb. 797, 5 Ann. Cas. 464, and note, 96 N. W.

657, 99 N. W. 28.)   Moreover, the court did not assume to transfer to plaintiff her own property, but the property of the husband.

3. The decree has no extraterritorial effect, and in so far as [4] it attempts to operate upon the status of the minor child residing in Indiana, it is a nullity.   (*De La Montanya* v. *De La Montanya*, 112 Cal. 101, 53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345; Cooley's Constitutional Limitations, 7th ed., p. 584.)

In his brief, counsel for respondent asserts that defendant [5] and the child were residents of Montana, only temporarily absent, and that defendant has accepted the fruits of this decree and may not appeal from it.   If these facts appeared in the record, different questions would be presented; but there is not even a suggestion of either.   We are bound by the record, and may not decide these cases upon statements contained in the briefs.

The order is reversed and the cause is remanded, with directions to modify the decree in conformity with defendant's motion.

*Remanded With Directions.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.