HINDERAGER, Respondent, v. MacGINNISS, Appellant.

(No. 4,484.)

(Submitted September 24, 1921. Decided November 21, 1921.)

[202 Pac. 200.]

*Default Judgments—Setting Aside—Inexcusable Delay—Judgments in Personam—Constructive Service of Summons—Jurisdiction—Appearance—Waiver.*

Judgment *in Personam*—Summons—Constructive Service Insufficient.
   1.   A judgment *in personam* cannot be rendered upon constructive service of summons alone.

Same.
   2.   Where an attachment is issued in an action not falling within the provision of section 6656, Revised Codes, and service of summons is made by publication only, the property of defendant is not brought within the jurisdiction and control of the court, and a judgment by default, being one *in personam*, is void.

Practice—Challenging Jurisdiction—Special Appearance.
   3.   One desiring to challenge the jurisdiction of the court over his person on the ground that he had not been served with valid summons, must make a special appearance for that purpose.

Default Judgment — Objection to Jurisdiction — General Appearance — Waiver.
   4.   Where defendant in an action in which an attachment had been issued moved to vacate a default judgment on the ground of want of jurisdiction because of invalid service of summons, and on the further ground of excusable neglect, at the same time asking for leave to file his answer, his appearance was general, resulting in a waiver of his objection to jurisdiction.

Same—Setting Aside—Inexcusable Delay.
   5.   Where defendant knew of the pendency of an action against him five months before judgment by default was entered but took no steps looking to a defense on the merits until seven months after its entry, when he moved to set it aside, asking leave to file his answer, and thereafter for three years more neglected to bring his motion on for hearing, denial of the motion on the ground of inexcusable delay was proper.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action by E. K. Hinderager against John MacGinniss. From an order denying motion to set aside a default judgment, defendant appeals. Affirmed.

---

   4.   General appearance after judgment as waiving want of jurisdiction over person, see note in **Ann. Cas.** 1914C, 694.

*Messrs. Davis, Haskins & Davis* and *Messrs. Pray & Callaway,* for Appellant, submitted a brief, and one in reply to that of Respondent; *Mr. Lew L. Callaway* argued the cause orally.

Statutory provisions for obtaining service on absent or non-resident defendants constructively are in derogation of the common law and must be strictly construed; and a judgment obtained by such service is not entitled to the presumption of regularity in its favor which attaches to the proceedings and judgments of courts of general jurisdiction, when the defendants are actually before them. (*Palmer* v. *McMaster,* 8 Mont. 186, 19 Pac. 585; 13 Mont. 185, 40 Am. St. Rep. 434, 33 Pac. 132; *English* v. *Jenks,* 54 Mont. 295, 169 Pac. 727.) The recital in the judgment that service had been perfected cannot cure a defect which the record shows. (*Burke* v. *Inter-State Savings Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879.) Service by publication cannot be had in an action strictly *in personam.* (*Silver Camp Mining Co.* v. *Dickert,* 31 Mont. 488, 3 Ann. Cas. 1000, 67 L. R. A. 940, 78 Pac. 967; *Thrift* v. *Thrift,* 54 Mont. 463, 171 Pac. 272.)

Constructive service is effectual only in actions strictly *in rem,* in actions affecting the personal status of the plaintiff, and in actions to recover upon money demands where and to the extent that some lien brings property into court as a *res* to answer for the judgment that may be entered. (*English* v. *Jenks,* 54 Mont. 295, 169 Pac. 727.)

Due process of law in this state requires that the summons for publication contain a general statement of the nature of the action; the "general statement," brief though it may be, must state such nature in terms sufficient to inform the defendant whether or not the nature of the action is *in rem* or *in personam,* and if not strictly *in rem,* whether or not it is such as affects the personal status of the plaintiff or will permit plaintiff to bring property of defendant into the court to support a judgment. (*Netzorg* v. *Geren,* 26 Tex. Civ. App. 119, 62 S. W. 789; *People* v. *Greene,* 52 Cal. 577; *Smith* v.

*Aurich,* 6 Colo. 388; *Atchison, T. & S. F. R. Co.* v. *Nicholls,* 8 Colo. 188, 6 Pac. 512.)

The defendant has never made any voluntary general appearance equivalent to service upon him. Jurisdictional defects may only be waived by a "voluntary appearance" in the words of section 6526, Revised Codes. "The jurisdictional objection is not waived even by at the same time asking leave to file an answer, thus indicating a willingness to submit to the jurisdiction of the court, as this does not validate the void judgment, although the court may thereafter entertain an action pending in which the defendant has voluntarily appeared." (*Godfrey* v. *Valentine,* 39 Minn. 336, 12 Am. St. Rep. 657, 40 N. W. 163; *Simensen* v. *Simensen,* 13 N. D. 305, 100 N. W. 708; *Driscoll* v. *Tillman,* 165 Wis. 245, 161 N. W. 795; *Chicago, M. & St. P. Ry. Co.* v. *McClelland,* 39 S. D. 191, 163 N. W. 675.)

The judgment being void on its face, a mere nullity, and serving no other purpose than to encumber the court's records, may be, therefore, vacated at any time, and an affidavit of merits in such case need not accompany the motion. (*State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831.) An affidavit of merits and prejudice would obviously be merely surplusage on such a motion; its consideration should find no place where one demands his legal rights to be relieved from a judgment obtained by plaintiff who has not pursued the course prescribed by law. (*Roberts* v. *Pawley,* 50 S. C. 491, 27 S. E. 913; *Wendel* v. *Durbin,* 26 Wis. 390; *Heffner* v. *Gunz,* 29 Minn. 108, 12 N. W. 342; *Mackubin* v. *Smith,* 5 Minn. 367; *Savings Bank* v. *Authier,* 52 Minn. 98, 18 L. R. A. 498, 53 N. W. 812; *Skjelbred* v. *Shafer,* 15 N. D. 539, 125 Am. St. Rep. 614, 108 N. W. 487; *Rice* v. *Griffith,* 9 Iowa, 539; *Hanson* v. *Wolcott,* 19 Kan. 207.)

The judgment being void on its face, it was not necessary to resort to a court of equity with its incident expense and delays in the formation and trial of the issues. The defendant had the right of procuring the vacation of the judgment by

motion made to the court in which it was rendered.    (1 Black. on· Judgments, sec. 303.)

"Where the default or judgment taken thereon is irregular, the appropriate remedy is a motion to vacate and set aside." (6 Ency. Pl. & Pr. 151.)

The fact that an execution was issued and returned involuntarily satisfied does not limit this right.    Quoting from 3 C. J. (Appeal and Error), section 549, an analogous subject: "The involuntary payment, performance or satisfaction of a . judgment, order or decree, does not affect the right of appeal." (*O'Hara* v. *MacConnell*, 93 U. S. 150, 23 L. Ed. 840 [see, also, Rose's U. S. Notes].)

*Messrs. McKenzie & McKenzie,* for Respondent, submitted a brief; *Mr. John McKenzie* argued the cause orally.

The *alias* summons was a sufficient compliance with section 6522, Revised Codes.    (See *Commissioners of Jefferson County* v. *Lineberger*, 3 Mont. 231, 35 Am. Rep. 462; *Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337; *Calderwood* v. *Brooks*, 28 Cal. 153.) "A very general statement of the nature of the action is sufficient." (*People* v. *Dodge*, 104 Cal. 487, 38 Pac. 203. See, also, *King* v. *Blood*, 41 Cal. 314; *Clark* v. *Palmer*, 90 Cal. 504, 27 Pac. 375; *Decorvet* v. *Dolan*, 7 Wash. 365, 35 Pac. 72:) "For failure to pay a certain claim due for commission on sale of farm is sufficient." (*Bucklin* v. *Strickler*, 2 Neb. 602, 49 N. W. 371.)    "For $100 damages in an action upon a contract" satisfied the statute.    (*Bray* v. *Andreas*, 1 E. D. Smith (N. Y.), 387.)    "For money due" discloses sufficiently the nature of the action.    (*Silkman* v. *Boiger*, 4 E. D. Smith (N. Y.), 236.) "It was not designed that the summons should supply the place of a complaint in stating the nature of the action.    A general statement avoiding details is sufficient." (*Houston etc. Ry. Co.* v. *Burke*, 55 Tex. 323, 40 Am. Rep. 808. See, also, 1 Black on Judgments, sec. 83; *Ballew* v. *Young*, 24 Okl. 182, 23 L. R. A. (n. s.) 1084, 103 Pac. 623; *Garrett* v. *Struble*, 57 Kan. 508, 46 Pac. 493.)

Respondent contends that by making his motion to have the judgment vacated and for leave to answer, appellant made a general appearance in the case and thereby waived all defects in process, service of process, and in all other proceedings preliminary to judgment and cannot now object to the court's jurisdiction. (*Gray* v. *Gates,* 37 Wis. 614; *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac. 1098; *Anderson* v. *Burchett,* 48 Kan. 781, 30 Pac. 174; *Mayer* v. *Mayer,* 27 Or. 133, 39 Pac. 1002; *Welch* v. *Ladd,* 29 Okl. 93, 116 Pac. 573; *Fowler* v. *Continental Casualty Co.,* 17 N. M. 188, 124 Pac. 479; *Seclrity Loan & Trust Co.* v. *Boston etc. Co.,* 126 Cal. 418, 58 Pac. 941, 59 Pac. 296; 2 R. C. L. 336.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant has appealed from an order of the district court of Cascade county denying his motion to set aside a judgment entered against him after his default.

The complaint was filed on May 6, 1914. It contains three causes of action. Two of them are for the recovery of money under the terms of a written contract. The third is for specific performance of an agreement by defendant, embodied in the same contract, to convey to plaintiff certain land. In entering the judgment no relief was granted under the third cause of action. It was thus eliminated from the case. Upon the issuance of summons an affidavit for attachment was filed with the clerk, and an attachment was issued and served by a levy by the sheriff upon real estate belonging to the defendant. The defendant being absent from the state and the sheriff not being able to find him, service of the summons was made by publication. The order of publication was made by the clerk on May 13. Upon proof of service, the default was entered on October 7. Judgment was entered on January 29, 1916. The motion to set aside the default and vacate the judgment was filed with the clerk on July 25, 1916. The grounds of the

motion were that the defendant had not been personally served with summons; that he was not aware of the commencement of the action until after judgment had been entered, and that the judgment was taken against him through his excusable neglect. He tendered an answer and asked leave to file it. It was verified by one of his attorneys who resides at Spokane in the state of Washington, the reason for his verifying it being that the defendant was absent from the county of Cascade, state of Montana, at the time the verification was made. In support of the motion, defendant also filed his affidavit, in which among other things, he stated that he had not known of the commencement of the action until judgment had been entered against him; that he had read the complaint; that he had "stated his defense" to his attorney, and had been advised by him that he had a good and meritorious defense thereto; and that, if he had known of the pendency of the action, he would have caused his appearance to be made therein and interposed his defense. It contained no other statement of facts tending to explain or excuse his failure to appear and make his defense. The plaintiff resisted the motion by filing counter-affidavits, among others one by George A. Judson, Esq., who was attorney for the plaintiff at the time the action was commenced and when judgment was entered. To this affidavit is attached a copy of a letter written by the defendant to the affiant on July 31, 1915, from which it appears that at that time he had full knowledge of the pendency of the action, and the relief sought therein by the plaintiff, for in this letter he requested the affiant to mail to him copies of all the records and files in the case so that he could have them examined by his attorney.

The motion was called to the attention of Honorable H. H. Ewing, the judge presiding in Department No. 2 of the court, on August 19, 1916. Judge Ewing declined to take any action upon it for the reason that all the prior proceedings in the case, including the rendition of judgment, had been had in Department No. 1 before Honorable J. B. Leslie, who presided in that

department. It was then stipulated by counsel that the motion should be submitted to Judge Leslie, who was then absent from the district, upon briefs to be thereafter prepared. Defendant filed his brief, but counsel for plaintiff did not. The motion remained in this condition until April 11, 1919, when, upon notice by counsel for plaintiff, it was submitted for final determination. Judge Leslie overruled it on the ground that the defendant had been guilty of inexcusable delay in prosecuting it.

Defendant contends that the judgment is void on its face for the reason that the contract made the basis of the action, is not "a contract, express or implied, for the direct payment of money," within the meaning of section 6656 of the Revised Codes, as construed by this court in *Carter* v. *Bankers' Ins. Co.*, 58 Mont. 319, 192 Pac. 827, and other cases; that the issuance of the attachment by the clerk was wholly unauthorized; and hence the court was without jurisdiction to render the judgment upon proof of a constructive service of summons and should have set it aside.

Plaintiff contends that though the attachment was wholly unauthorized, and though the judgment, when rendered, was void because the court had no jurisdiction over the attached property to enable it to render judgment, nevertheless, by his application, the defendant did not challenge the jurisdiction of the court, but asked for specific relief on a ground which appealed to its discretion, and, having thus assumed that it had jurisdiction, he cannot now assert the contrary

It may be remarked, in passing, that no contention is made by the defendant that the complaint does not state a *cause* of action. The contention he makes is that it does not state a case warranting the issuing of an attachment. It may be said in this connection that the allegations contained in the first and second causes of action are sufficient in form and substance to warrant recovery by the plaintiff of the amounts demanded therein.

If it be conceded, for the sake of argument, that the contract [1, 2] does not come within the purview of the statute, and that the attachment was wholly unauthorized, the result was that, since the service was constructive, the property was not brought by the attachment within the jurisdiction and control of the court; for, the process being unauthorized, it was void, with the result that the judgment was also void for want of personal notice to the defendant. The rule is well settled that a judgment rendered upon constructive service, when property of the defendant is not within the jurisdiction and control of the court, is a nullity, because the judgment, under the circumstances, is one *in personam,* and such a judgment cannot be rendered upon constructive service alone. This subject was elaborately discussed by this court in the case of *Silver Camp Min. Co.* v. *Dickert,* 31 Mont. 488, 3 Ann. Cas. 1000, 67 L. R. A. 940, 78 Pac. 967, and the conclusion announced therein has since been deemed to have settled the rule in this jurisdiction. (*Thrift* v. *Thrift,* 54 Mont. 463, 171 Pac. 272.)

We think, however, that notwithstanding this rule the [3, 4] contention of counsel for plaintiff must be sustained. When a defendant desires to challenge the jurisdiction of the court over his person on the ground that there has been no valid service of summons, he must restrict his challenge to that ground only, and keep out of court for all other purposes. In other words, he must make a special appearance to challenge the jurisdiction of the court for want of personal service of process. It is of no moment whether he designates his application a "special appearance" or not, if it presents only questions of jurisdiction. If, however, in addition to challenging the jurisdiction he asks specific relief on one or more grounds which can be urged only upon the hypothesis that the court has jurisdiction of the cause and person, he thereby submits himself to the jurisdiction of the court as completely as if he had been regularly served with process. The rule on this subject is well stated at page 625 of 2 Ency. Pl. & Pr., as follows: "The principle to be extracted from the decisions on the subject as

to when a special appearance is converted into a general one is that, where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such appearance, by its terms, be limited to a special purpose or not. Where a party appears in court and objects by motion to the jurisdiction of the court over his person, he must state specifically the grounds of objection. By not so stating them his appearance will be construed a general one, although he moves to dismiss on that ground.'' The rule is supported by a number of cases cited by the author in the notes, all of which upon examination, we find to support the text. The following are also directly in point: *Stubbs* v. *McGillis,* 44 Colo. 138, 130 Am. St. Rep. 116, 18 L. R. A. (n. s.) 405, 96 Pac. 1005; *Ryan* v. *Driscoll,* 83 Ill. 415; *Simmons* v. *McCullin,* 163 N. C. 409, Ann. Cas. 1915B, 244, 79 S. E. 625; *Marsden* v. *Soper,* 11 Ohio St. 503; *French* v. *Ajax Oil Dev. Co.,* 44 Wash. 305, 87 Pac. 359; *Stuyvesant* v. *Weil,* 26 Misc. Rep. 445, 57 N. Y. Supp. 592; *Mayer* v. *Mayer,* 27 Or. 133, 39 Pac. 1002; *Security L. & Tr. Co.* v. *Boston & S. R. F. Co.,* 126 Cal. 418, 58 Pac. 941, 59 Pac. 296; *Welch* v. *Ladd,* 29 Okl. 93, 11 Pac. 573; *Fowler* v. *Continental Gas. Co.,* 17 N. M. 188, 124 Pac. 479.

In 2 Ruling Case Law, we find the rule stated as follows: ''A defendant making a special appearance for the sole purpose of questioning the jurisdiction of the court over his person does not, in the absence of statutory provisions to the contrary, waive any objection to the jurisdiction. This is the purpose of a special appearance, and all such questions may be subsequently raised in other proceedings. Thus where an order for publication of summons has been made in an action over the subject or cause of which the courts of the state have no jurisdiction, the defendant is entitled to appear specially in order to make a motion to set the summons aside, rather than submit to the hardship of coming in to defend the action. By a general ap-

pearance the defendant submits his person to the jurisdiction of the court. If he has made no previous objection to the process or return, his conduct amounts to a waiver of process, defects in process, defects in return, and even total want of service. It has been said that this is not only decided law, but good sense.'' (Page 335.) This court heretofore recognized and applied the principle underlying the rule. (*Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337; *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac. 1098.)

It may be noted that neither ground of the motion presented the question of jurisdiction. The first ground was merely informational in character, since it only served to bring to the notice of the court the fact that the defendant had not been personally served with process, and hence that the motion had been timely made within the provision of the last sentence of section 6589 of the Revised Codes. The other ground could not have been urged at all, except upon the hypothesis that the judgment was valid, and that it was within the discretion of the court to let in the defendant to make his defense on the merits because his failure to appear sooner was excusable. It constituted a general appearance, precluding the defendant from asserting then or now that the court had no jurisdiction to render the judgment.

Furthermore, there was no merit in the motion. The de-
**[5]** fendant, with knowledge of the pendency of the action as early as July 31, 1915, took no step looking to a defense on the merits until July 25, 1916, about seven months after the judgment had been rendered and entered. Then, after filing his motion with the clerk, he let it lie without further action until April 11, 1919. Under these circumstances, we are of the opinion, as was said by Judge Leslie in denying the motion, that aside from other questions urged by the plaintiff against the defendant, such delay in bringing on the motion for hearing did not permit the court to grant the defendant relief. The delay, both before and after the entry of judgment, was wholly

without excuse. (*Smith* v. *Collis*, 42 Mont. 350, Ann. Cas. 1912A, 1158, 112 Pac. 1070.)

The order is affirmed.

*Affirmed.*

Associate Justices Reynolds, Holloway and Galen concur.

Mr. Justice Cooper, deeming himself disqualified, takes no part in the foregoing decision.