R. B. CURLEE AND WIFE, MARY CURLEE, v. NATIONAL BANK OF FAYETTEVILLE AND A. B. McMILLAN.

(Filed 22 January, 1924.)

1. **Removal of Causes — Transfer of Causes — Banks and Banking — Joinder of Parties—Good Faith.**

   Where in good faith a citizen and resident of one county, sues jointly in tort a national bank located in another county, and its officer, the defendants may not as of right have the cause removed for trial to the county wherein the bank conducts its business, C. S. 469, 470.   As to whether the Federal statute, entitled "Locality of Actions," provides that the venue must be in the county wherein the bank was located, should the bank have been sued alone, *quere?   Semble,* if so, the bank could waive this right.

2. **Removal of Causes — Transfer of Causes — Statutes — Discretion — Absence of Discretion—Appeal and Error.**

   Under the provisions of C. S. secs. 469, 470 (2), it is within the sound discretion of the trial judge to change the venue of an action sounding

in tort, to another, when in his judgment the county in which the action was brought does not best subserve the ends of justice, or when justice would be promoted by the change requested, and upon his findings upon the evidence in this case, *it is held*, that his discretion in refusing to remove the cause was not such an abuse thereof as to reverse his judgment on appeal.

APPEAL by defendants from *Harding, J.,* at September Term, 1923, of MECKLENBURG.

Civil action. This is an action brought by plaintiffs, residents of Mecklenburg County, N. C., against the National Bank of Fayetteville, which is a national banking corporation, organized in accordance with the laws of the United States, and A. B. McMillan, a resident of Cumberland County, N. C. The defendants are sued jointly for alleged damages to plaintiffs' financial and social standing growing out of an attachment of property owned by the plaintiffs and located in Fayetteville, Cumberland County, N. C.

The defendants, the National Bank of Fayetteville, and A. B. McMillan jointly enter a special appearance and ask for a removal of the case to the Superior Court of Cumberland County, on the following grounds:

"(a) That the defendant bank is a national banking corporation, organized in accordance with the laws of the United States, and without its consent is not suable in any state court other than a state court located in the county in which it has its place of business, and the place of business of the defendant bank is Fayetteville, North Carolina;

"(b) That the defendant, A. B. McMillan, is the cashier of said National Bank of Fayetteville, and the defense of both of the said defendants is dependent upon the books of the National Bank of Fayetteville, and said books cannot be removed beyond the limits of Cumberland County without great inconvenience, expense and annoyance to said National Bank of Fayetteville and its customers and officers, and, from the nature of this action, its maintenance in the county of Mecklenburg is contrary to public policy and the spirit of the National Banking Act of the United States, which said act is specifically urged as a cause of removal of this action in its entirety;

"(c) That all the witnesses of the defendants in this case and all the witnesses for the plaintiff, as far as known of these defendants, reside in the county of Cumberland, with the exception of the plaintiffs, who have recently removed therefrom."

The facts set forth in the motion for removal were supported by affidavits of John H. Culbreth, president of the said bank, and by A. B. McMillan, its cashier.

In the affidavit of the plaintiff, R. B. Curlee, he says:

"That this action was begun by process issued from the Superior Court of Mecklenburg County, N. C., the legal residence of this plaintiff

and his wife; that the said plaintiff and his wife, Mary Curlee, are now and have been residents of the county of Mecklenburg, N. C., for a period of about 12 years continuously excepting the years 1920 and 1921, when the plaintiffs lived in Fayetteville, N. C. That during the month of June, 1921, the plaintiff and his wife resumed their residence in Mecklenburg County and have resided in said county since that time;

"That the plaintiff and his wife, Mary Curlee, verily believe that the plaintiffs in this action cannot receive a fair and impartial trial of this action in Cumberland County, due to the fact that it is the home county of the defendants; that a large percentage of the residents of Cumberland County are depositors in the National Bank of Fayetteville, one of the defendants, or that their relatives or friends are depositors in said bank; that the defendant A. B. McMillan is and has been a resident of Cumberland County for a great number of years and that due to the local prejudice that naturally exists in said county in favor of the said defendants, the plaintiff and his wife could not be given a fair and impartial trial;

"That owing to the nature of this action the defendants will not be inconvenienced by a trial of this action in Mecklenburg County, since there will be few records and witnesses necessary in the trial of the action;

"That the defendant denies that there exists any such law requiring all actions against national banks, to be tried in the home county of said banks, but that Federal banking laws provide for an enlargement of the jurisdiction of state courts in actions, pertaining to national banks, so that the national banks enjoy no privilege of immunity from suit, excepting in their home counties and by virtue of their consent."

The court below at the hearing made the following order:

"The court, after consideration of the record in the cause and the argument and briefs of counsel, finds, as a matter of law, that the plaintiffs have the right to prosecute the action in the Superior Court of Mecklenburg County and that such court constitutes a proper venue for said action. The court further finds as a fact, that the ends of justice will be promoted by a trial of said cause in the Superior Court of Mecklenburg County. The court further finds as a fact, that it would not promote the convenience of the parties and witnesses to remove said cause to Cumberland County. It is thereupon ordered and adjudged that the order of the clerk of the Superior Court for Mecklenburg County removing this cause to the Superior Court of Cumberland County, be reversed, and that the said cause be remanded to the Superior Court of Mecklenburg County for trial and that said cause be not removed to the Superior Court for Cumberland County."

From the order refusing the motion to remove, the defendants excepted and appealed to this Court, and filed the following exceptions:

"1. The court erred in holding as a matter of law that, upon special appearance by defendants and request for removal by them, the plaintiffs have the right to prosecute this action in the Superior Court of Mecklenburg County, which holding is to the effect that the law of the United States does not require this cause to be tried in the home county of the National Bank of Fayetteville.

"2. The court erred in finding as a fact and holding, that the ends of justice will be promoted by the trial of the case in the Superior Court of Mecklenburg County, which finding and holding are contrary to the weight of the affidavits filed, and constitutes gross abuse of discretion.

"3. The court erred in finding as a fact and holding that it would not promote the convenience of the parties and witnesses to remove this cause to Cumberland County, which finding and holding are contrary to the weight of the affidavits on file, and constitute a gross abuse of discretion on the part of the court."

*Bridges & Orr and Jas. A. Lockhart for plaintiffs.*
*Robinson & Robinson and Oates & Herring for defendants.*

CLARKSON, J. The first· exception presents a serious question of law, which has given us much concern. The plaintiffs are residents of Mecklenburg County and the defendants are residents of Cumberland County. The civil procedure of this State, applicable to the facts in this case, is as follows:

"The action must be tried in the county in which the plaintiffs, or the defendants, or any of them, reside at its commencement; or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to. the power of the court to change the place of trial, in the cases provided by statute.

"If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

"The court may change the place of trial in the following cases: (1) When the county designated for that purpose is not the proper one; (2) When the convenience of witnesses and the ends of justice would be promoted by the change." C. S. 469-470.

The plaintiffs, who reside in Mecklenburg County, under our law, could sue A. B. McMillan as an individual residing in Cumberland County. The plaintiffs sued McMillan and the bank, and in the complaint, in good faith (there is nothing in the record to the contrary), joined A. B. McMillan individually as a joint tort-feasor with the bank. As to McMillan, there is no doubt that the proper venue is in Mecklenburg County. This being the case, by analogy, does it not necessarily follow that the principle applies as laid down in *Fore v. Tanning Co.,* 175 N. C., 583? It is said there: "We have held, in numerous cases on this subject, that when a plaintiff has sued resident and nonresident defendants for a joint wrong, the cause of action, as a legal proposition, must be taken and construed as the complaint presents it and, in such cases, on motion to remove the cause to the Federal court by reason of the alleged fraudulent joinder of the resident defendants, the right to removal does not arise from general allegations of bad faith or fraud on the part of the plaintiff, however positive, but the relevant facts and circumstances must be stated with such fullness and detail and be of such kind as to clearly demonstrate, and 'compell the conclusion' that a fraudulent joinder has been made." This would reconcile the situation and make an orderly procedure.

In construing the National Banking Act, in reference to this matter, we do not give it the local significance that was argued before us. The authorities are conflicting. Sec. 5198 of Federal Statutes Anno. (2 ed.), vol. 6 (1918), 928 (Locality of Actions), is as follows: "That suits, actions, and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

We think the construction given to this Federal act by *Church, C. J.,* 52 N. Y. Reports (Court of Appeals), 105, is the correct interpretation. He says: "The jurisdiction of the state court is denied upon the ground that the National Currency Act of Congress prohibited original jurisdiction. . . . The alleged prohibitory statute is the fifty-seventh section of the aforesaid act. 13 Stat. at Large, 99, and provides: 'That suits, actions, and proceedings against any association under this act may be had in any circuit, district or territorial courts held within the district in which such association may be established, or in any state, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases. *Provided, however,* that all the proceedings to enjoin the comptroller under this act shall be had in the circuit, district or territorial court of the United

States held in the district in which the association is located.' I think the proper construction of this section is to regard the power conferred, of bringing actions against the associations in specified courts, as permissive and not mandatory. The framework of the section implies that intention. The words 'may' and 'shall' are both used; the former to confer a privilege, the latter as a mandate. It is presumed that the attention of Congress was drawn to the distinction between the ordinary import of the two words, and that they were used with reference to that distinction, and hence that, if it had been designated to limit prosecutions to the specified courts, the same word would have been employed as in limiting a particular proceeding to a specified court. There are no words of exclusion in the act, and it is a general rule as to jurisdiction, that to confer it upon one court, does not operate to oust other courts before possessing it, for the reason that concurrent jurisdiction is not inconsistent."

The following cases hold that such provisions are permissive, not mandatory, and do not deprive the state courts of jurisdiction of an action by or against a national bank located or doing business in another state or in a district or county other than that in which the action is brought: *Fresno Nat. Bank v. Superior Ct.,* 83 Cal., 491; *Continental Nat. Bank v. Folsom,* 78 Ga., 449; *Cooke v. State Nat. Bank,* 50 Barb. (N. Y.), 339, affirmed in 52 N. Y., 96; *Robinson v. Nat. Bank,* 81 N. Y., 385; *Talmage v. N. Y. Third Nat. Bank,* 91 N. Y., 531; *Lee v. Citizens Bank,* 5 Ohio Dec. (Reprint), 21; *Holmes v. National Bank,* 18 S. C., 31; *Montpelier First Nat. Bank v. Hubbard,* 49 Vt., 1. See, also, *Leviten v. Houghton Nat. Bank,* 174 Mich., 566.

In *Rector v. Rector,* 186 N. C., 620 (case of venue), Clark, C. J., said: "The word 'may,' as used in statutes, in its ordinary sense, is permissive and not mandatory. 20 A. & E. (2 ed.), 237; 26 Cyc., 1590; Black on Statutes (2 ed.), sec. 529. 'May' is construed 'must' or 'shall' only when public rights or interests are concerned." 26 Cyc., 1592. *Johnson v. Pate,* 95 N. C., 70.

There are a large number of cases in different states holding to the contrary, and that the provisions are mandatory and not permissive.

There is no question that the exemption—if construed to be one—can be waived. *Charlotte First Nat. Bank v. Morgan,* 132 U. S., 141.

For the reasons given we think the defendants' first exception cannot be sustained.

The defendants in their brief say, "For convenience we group exceptions two and three: Gross abuse of discretion." And further say: "We realize that in seeking to reverse a trial judge on account of abuse of discretion, the appellant carries an unusual burden, but in the case at bar, we feel fully justified in asking this Court to find that there was an abuse of discretion, and that the cause should have been removed."

The court below in its judgment says: "The court after consideration of the record in the cause and the argument, and briefs of counsel, finds, as a matter of law, that the plaintiffs have the right to prosecute the action in the Superior Court of Mecklenburg County and that such court constitutes a proper venue for said action. The court further finds as a fact, that the ends of justice will be promoted by a trial of said cause in the Superior Court of Mecklenburg County. The court further finds as a fact, that it would not promote the convenience of the parties and witnesses to remove said cause to Cumberland County. It is thereupon ordered and adjudged that the order of the clerk of the Superior Court for Mecklenburg County removing this cause to the Superior Court of Cumberland County, be reversed, and that the said cause be remanded to the Superior Court of Mecklenburg County for trial and that said cause be not removed to the Superior Court for Cumberland County."

Under the statute, C. S., 470 (2), *supra,* the removal lies ordinarily in the discretion of the court below, and is not reviewable. *Perry v. Perry,* 172 N. C., 63; *Byrd v. Spruce Co.,* 170 N. C., 435.

For the reasons given, we think defendants' second and third exceptions cannot be sustained.

We can find no error, and the judgment below is
Affirmed.