LEACH et al. v. STONE.　(No. 11042.)

(Court of Civil Appeals of Texas. Fort Worth. May 31, 1924. Rehearing Denied June 28, 1924.)

1. Venue ⬅⬆8—Owner taking property from, sheriff's possession held not entitled to sue in another county for conversion by recapture.

One taking attached goods belonging to him from lawful possession of deputy sheriff held not entitled to sue officer and execution plaintiff elsewhere than in county of their residence, for conversion by recapture of goods in another county, though property was exempt from forced sale; his taking and continued possession being unlawful, and recapture by officer no crime or trespass within exception to venue statute (Rev. St. art. 1830).

2. Courts ⬅⬆120— District court without jurisdiction of action for conversion of articles worth less than $100.

Deputy sheriff's inadvertent seizure of articles worth less than $100, with other property taken from his lawful possession by owner, who had mingled therewith property not levied on and subsequently accepted return of latter, held not trespass or conversion, of which district court had jurisdiction.

3. Venue ⬅⬆8—District court held without jurisdiction of action for malicious prosecution or false imprisonment in execution of process issued on affidavit executed and filed in another county.

District court of Tarrant county held without jurisdiction of deputy sheriff of Parker county and attachment plaintiff residing therein for malicious prosecution or false imprisonment of attachment debtor on charge of theft of goods levied on, in absence of evidence that affidavit, executed and filed in proper court in latter county, for warrant of arrest, executed in former county, was made maliciously; offense contemplated in exception to Rev. St. art. 1830, not being arrest, but making of affidavit and causing warrant to issue.

On Motion for Rehearing.

4. Pleading ⬅⬆111—On plea of privilege, burden of proof on plaintiff.

On filing of plea of privilege, burden is on plaintiff to show right to maintain suit in county wherein brought.

5. Pleading ⬅⬆111—Lawful custody of goods by sheriff in another county at time of taking by owner suing for conversion by recapture held shown.

Evidence held to show that goods taken from deputy sheriff's possession by owner were in officer's lawful custody in another county than that in which owner brought suit for conversion by reason of officer's recapture thereof in county of forum, and hence that plaintiff could not maintain suit in latter county.

6. Pleading ⬅⬆111—Whether property taken from sheriff's custody by owner was exempt from execution held immaterial on issue as to venue of owner's suit for conversion by recapture.

Whether articles formerly used by owner in meat market business were exempt from execution levied by deputy sheriff, not shown to have been notified of such exemption, held immaterial on issue as to whether officer's recapture thereof in another county, after owner took them from officer's lawful custody, gave jurisdiction of owner's suit for conversion to courts of such county under Rev. St. art. 1830, § 9; such issue being proper for determination in suit against execution plaintiff and sheriff for damages.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by John H. Stone against H. F. Leach and another. From order overruling pleas of privilege, defendants appeal. Reversed, and rendered with direction.

Grindstaff & Zellers and Hood & Shadles, all of Weatherford, for appellants.

John L. Poulter, of Fort Worth, for appellee.

CONNER, C. J. So far as necessary to state, this suit was instituted by John H. Stone against H. F. Leach and George Cockburn, upon allegations to the effect that the defendants had converted certain tools and equipment belonging to the plaintiff, of the alleged value of $675.50, for which he sought to recover the sum of $5,000 actual damages and $5,000 exemplary damages for alleged malicious prosecution and false imprisonment. It was claimed that the tools and equipment alleged to have been converted were used by the plaintiff in his business in conducting a meat market, and that the defendant Cockburn, without the knowledge and consent of the defendant Leach, had maliciously filed a complaint charging plaintiff with theft of property of the value of more than $50, and thereunder caused his arrest and imprisonment.

Defendants Leach and Cockburn each filed in proper time and form separate pleas of privilege to be sued in Parker county, the county of their residence. The plaintiff filed a controverting affidavit to each of said pleas. Upon a hearing the court, upon evidence submitted by the several parties, overruled said pleas of privilege, to which action the defendants excepted and have duly prosecuted this appeal.

It is undisputed that each of the defendants are resident citizens of Parker county,

Tex.; plaintiff being a resident of Tarrant county. The evidence submitted upon the hearing of the pleas of privilege is, in substance, to the effect that plaintiff owned and possessed certain tools and equipment used in his butcher shop which had been levied upon in the suit of appellant Leach in Parker county. At the time of the levy the goods were situated in certain premises in the town of Weatherford, Parker county; plaintiff at that particular time not being engaged in his regular business of conducting a meat market. No question is raised as to the regularity of this levy. After the levy had been made, however, and on the day before the sale of the property was advertised to take place, the plaintiff came from Fort Worth to Weatherford and, without consent of the officer who made the levy and without the consent of Leach or of the person in whose charge the goods had been left by the sheriff for safe-keeping, took and loaded them in his car and brought them to Fort Worth. Defendant Cockburn, the deputy sheriff, the sheriff at the time being absent, filed a complaint against the plaintiff charging theft, which appears to form the basis of plaintiff's suit for malicious prosecution. He also sued out a warrant of arrest and presumably a search warrant and with the warrants came to Fort Worth and with the assistance of a Fort Worth officer went to the plaintiff's residence where he found the goods levied upon, and forthwith took both plaintiff and the goods so levied upon back to Weatherford. It further appears that plaintiff was later indicted by the grand jury of Parker county, but that prosecution was, for some reason not disclosed, dismissed.

It further appears that besides the goods levied upon the plaintiff also had various articles, smaller and of less value than those levied upon, such as butcher knives, steels, butcher aprons, etc., which were found by the defendant Cockburn in Fort Worth, and that he also took possession of these smaller articles at the time he repossessed himself of the tools and equipment that had been levied upon, as stated. The value of these smaller articles is not very distinctly shown, but appear to have been of the probable value of $100.

There is no evidence whatever tending to show that defendant Leach induced, had knowledge of, or had anything to do with the act of the deputy sheriff in filing the complaint against plaintiff. It also appears that the deputy, at the time he repossessed himself of the attached goods, was without knowledge that the smaller articles appropriated by him had not been levied upon, the original levy in fact having been made by another.

[1] Upon this state of the evidence we think it clear that the court erred in overruling the pleas of privilege. The sheriff of Parker county was in the lawful possession of the attached property, and it was not only his right but his duty to safely keep the same and have it forthcoming for disposition under further orders of the court. Appellee, therefore, was without right in depriving the officer of such possession. His taking of such property under the circumstances shown, if not theft as charged in the indictment therefor, was most certainly unlawful as was his continued possession thereafter. The fact that the property was exempt from forced sale, if it was so exempt, neither justifies nor excuses his unlawful taking and continued, adverse, and unlawful retention. The exempt character of the property, if any, could only be established by proper pleadings and proof in a court having jurisdiction—to hold otherwise is to set aside all law adopted by our people for the orderly and peaceful settlement of controversies between us and substitute therefor the will and force of the individual.

[2] It follows that appellee is in no position to claim a conversion of the property originally levied upon by the sheriff of Parker county, for as to such property appellee not only had placed himself outside of the law's protection, but it was also the right and duty of appellant Cockburn, under lawful process, to seize and retake the property wherever found, and no crime or trespass within the meaning of the exception as to venue claimed can be founded on such recapture of property. If it be admitted, as is in effect insisted in behalf of appellee, that he had the right to take and return the articles in the box seized by Cockburn at the time he recaptured the property levied upon, nevertheless no trespass or conversion was committed such as the district court had jurisdiction to determine; there being no dispute as to the fact that such articles were of value less than $100. Moreover, as to this property there seems no dispute in the evidence tending to show that Cockburn found it mingled with the property that had been levied upon and was taken inadvertently and he testified that it was later returned to and accepted by appellee. At all events the damage, if any, was below the jurisdiction of the district court.

[3] Nor can it be said that the district court of Tarrant county had jurisdiction over the defendants to determine the issues relating to the alleged malicious prosecution or false imprisonment. It was not alleged or shown in the evidence that the deputy sheriff, in executing the seizure and warrant of arrest in Tarrant county, and in transporting and imprisoning appellee, acted oppressively or otherwise than as usual in executing a process of court. He at the time was acting, so far as the evidence shows, under lawful process, which it was his duty to execute, and the wrong done by him, if any,

was in the making of the affidavit upon which the process issued, and this affidavit was executed and filed in a proper court in Parker county, and it was there, if at any place, the wrongful acts upon which rest the cause of action for malicious prosecution or false imprisonment was committed, and the proper courts of that county therefore are the courts having lawful jurisdiction. In Hubbard v. Lord, 59 Tex. 384, it was expressly held that, when a prosecution is begun at the instance of an individual, the initial step is the affidavit upon which the warrant for arrest issues, and that hence, in a suit for malicious prosecution, the offense contemplated in the exception to article 1830, relied upon, is not the arrest but the making of the affidavit and causing the warrant to issue, and the county in which this is done determines the jurisdiction. It was further held in that case that under an order legally issued an officer can commit no trespass by executing it according to its command. To the same effect are the cases of Raleigh v. Cook, 60 Tex. 438, and Hilliard v. Wilson, 65 Tex. 286. It is true that appellee's petition alleged that the affidavit was made maliciously and with intent to harass and injure him, but the allegations of the petition cannot be accepted as proof of the fact, and the evidence in this case wholly fails to support such allegations. This is particularly true as to appellant Leach; there being no evidence whatever that he advised or, was cognizant of the fact that the affidavit or complaint upon which the warrant of arrest and search warrant was issued had been made or even that the appellant thereunder made the seizure and arrest of appellee complained of.

We, accordingly, conclude that the order of the court below overruling the defendant's pleas of privilege should be reversed and set aside, and that judgment be now here rendered sustaining .those pleas, with direction to the trial court to transfer the cause to the proper court of Parker county.

BUCK, J., not sitting.

On Motion for Rehearing.

CONNER, C. J. [4, 5] Appellee urges that we erred in upholding the levy upon his goods in Parker county. It is insisted that the sheriff of that county, in originally attempting to execute the writ of execution in his hands, the regularity of which is not questioned, failed to take such possession of the goods or assume such control over them as would constitute a valid levy, and that hence appellee was at liberty to take his goods as he did, and that in so doing he committed no unlawful act. In support of this contention appellee cites Revised Statutes, art. 3740, and the case of Lynch v.

Payne (Tex. Civ. App.) 49 S. W. 406. The article of the statute reads:

"A levy upon personal property is made by taking possession thereof, when the defendant in execution is entitled to the possession."

The case cited is to the effect that, where an officer went with an execution to the defendant's store, which was locked, and, without gaining entrance, nailed strips across the door, and read the writ, and notified the defendant, there was no levy.

The sheriff testified to the effect that the plaintiff in the writ, Dr..Leach, gave an indemnifying bond and pointed out the property to be levied upon:

"Yes, sir, there was an execution delivered to me in the case of Herbert F. Leach v. John H. Stone, No. 2229, out of the county court of Parker county, Tex., same being issued and delivered to me in March, 1923. I took that execution and levied upon the property. I levied upon the slicing machine, a pair of scales, and an account register, an account book I would call it. When I levied upon this property I put it to itself in a building that J. O. Booker is in possession of and was running. He was running a meat market. I told him to hold until I gave orders to let it go, that I had levied upon it. I employed Booker to take care of it for me. * * * After that I advertised the property for sale in the usual way. After I made this levy I saw Mr. Stone and had a conversation with him. I gave him notice of the sale of the property, and told him what I had levied upon. At the time I levied upon it, it was idle property. It was not being used by anybody in the conduct of any business at the time. Mr. John H. Stone, the plaintiff in this case, was running a jitney at that time. I mean he was running a service car between Fort Worth and Weatherford. I do not know where he lived at that time. I took the property into my care and into my control."

Cross-examined, he testified among other things, that:

"This property, at the time I made the levy, was in the possession of Mr. Booker. It was stored in his building before I levied upon it. I do not know whether it had been left there by Mr. Stone or not. * * * No, sir; I did not know it was exempt property when I levied upon it. * * *"

The issue having been regularly made, the burden was upon appellee to show his right to maintain the suit in Tarrant county (see Cogdell v. Ross [Tex. Civ. App.] 243 S. W. 559), and we think the evidence that we have quoted justifies the conclusion that the property had been levied upon and in the care and control of the sheriff of Parker county at the time appellee removed the property as stated in our original opinion, to his home in Tarrant county. The case of Lynch v. Payne, relied upon by appellee and cited above, was reviewed in the case of Burch v. Mounts (Tex. Civ. App.) 185 S. W. 889, in

which a writ of error was refused. 196 S. W. xiv. In this case the facts showed that the officer levied upon certain cattle located in a pasture; they were not immediately removed from the pasture by the officer, nor were they moved in the pasture only so far as was necessary for the officer to count them; that he did not leave them in charge of the man in charge of the pasture, but informed the defendant of the levy. The court, after a review of the authorities, sustained the levy quoting with approval the following from Freeman on Execution:

"The property sought to be levied upon must be where he can exercise control over it; and he must exercise or assume to exercise dominion by virtue of his writ. He must do some act by reason of which he could be successfully prosecuted as a trespasser, if it were not for the protection afforded him by the writ. But in order to make him responsible as a trespasser, it is not essential that he should remove the property nor that he should touch it. It is enough that having the property within his view, and where he can control it, he does profess to levy and to assume control of the property by virtue of the execution and with the avowed purpose of holding the property to answer the exigencies of the writ, for one who, to that extent, assumes dominion over the goods of another, is a trespasser, unless he is justified by a valid writ. * * * The property must be within the power and control of the officer when the levy is made, and he must take it into his possession in a reasonable time thereafter and in such an open, public, and unqualified manner as to apprise everybody that it has been taken in execution."

We conclude that the evidence is sufficient to sustain our original conclusion that the goods were in the lawful custody of the sheriff of Parker county at the time appellee removed them under the circumstances stated in our original opinion.

[6] Appellee further insists that the property levied upon in Parker county was exempt from execution, and that hence appellee might lawfully repossess himself of such exempt property as he did, and that, this being true, the taking and removal of the property by the deputy sheriff from appellee's possession in Tarrant county gave jurisdiction to the courts of Tarrant county, under section 9 of article 1830, providing that:

"Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

In support of this contention appellee cites 5 Corpus Juris, 646, to the effect that:

"The owner of personal property may retake it by force from one who has wrongfully deprived him of its possession, if he can do so without wounding the wrongdoer or resorting to the use of a dangerous weapon."

Also 11 R. C. L. 551, § 71, where it is said:

"It has been decided that where an officer attempts to levy on exempt property, after being informed of the fact, he is a trespasser, and the owner may employ as much force as is necessary to prevent the levy."

We will not stop to inquire into the circumstances under which such rulings have been made, for, as applied to the facts of the case now before us, we can give consent to no such proposition. The sheriff's possession was not wrongful, and it is to be noted that at the time of the levy under consideration, appellee was not engaged in the business of conducting a meat market or using the articles levied upon, but on the contrary engaged in an altogether different occupation, and that the sheriff had not been notified, so far as the evidence shows, that the articles in fact were exempt from execution. Whether they are or not constitutes an issue proper for determination in the suit by appellee against the plaintiff in the execution and the sheriff for damages, and we know of no decision sustained by reason or authorities which justified appellee in determining for himself that the property was in fact exempt to him, and that he might lawfully take it out of the custody of the law. To maintain any such a doctrine is a mistaken and dangerous view, since to so maintain is to make the individual rather than the regularly constituted authorities the judge of the merits of his own claim and subversive of law and order. See authorities cited and discussion in note to the case of Van Dresor v. King, 75 Am. Dec., p. 643.

Appellee's motion will be overruled.

BUCK, J., not sitting.