STEWART, Respondent, *v.* FIRST NATIONAL BANK & TRUST CO. et al., Appellants.

(No. 6,974.)

(Submitted January 7, 1933. Decided February 1, 1933.)

[18 Pac. (2d) 801.]

*Mr. T. B. Weir, Mr. Harry P. Bennett, Messrs. Stewart &
Brown, Mr. Raymond T. Nagle* and *Mr. Sherman W. Smith,*
for Appellants, submitted a brief; *Mr. Bennett* argued the
cause orally.

*Mr. James H. Baldwin, Mr. H. L. Maury, Mr. R. Lewis
Brown* and *Mr. A. G. Shone,* for Respondent, submitted a brief;
*Mr. Shone* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court. ·

The plaintiff filed his complaint in Silver Bow county for damages containing two separate causes of action. The first cause of action was for false imprisonment, the second for malicious prosecution.

The defendants filed separate demurrers, notices of motion, motions, affidavits of merits and demands for change of place of trial. It is disclosed from the various papers filed that the defendants were at all times residents of Lewis and Clark county, where all of the defendants were served with process. The defendant Arthur C. Parsons was the sheriff of Lewis and Clark county. The defendant Joe Spurzem was the chief of police of Helena, in that county. It was further disclosed by these papers that a complaint was filed in a justice court of Lewis and Clark county, charging the plaintiff with the crime of forgery, on which a warrant issued which was delivered to the defendant Parsons, who caused the arrest of plaintiff in Butte and his imprisonment there. Thereafter defendant Parsons, in company with defendant Spurzem, removed plaintiff to Helena, where he was lodged in the county jail. Thereafter the criminal action was dismissed, and plaintiff was discharged from custody.

The basis of defendants' separate motions was that the cause of action pleaded in plaintiff's complaint was in tort, which was committed in Lewis and Clark county, particularly as to the second cause of action. An additional ground was urged on behalf of the defendant bank by reason of the fact that it was a national bank, with its office and principal place of business in Lewis and Clark county.

The motions of the defendants for change of place of trial were by the trial court denied, from which order this appeal was perfected.

Actions for tort are properly triable in the county where the tort was committed. (Sec. 9096, Rev. Codes 1921; *Dryer* v. *Director-General of Railroads,* 66 Mont. 298, 213 Pac.

210; *State ex rel. Interstate Lumber Co. v. District Court,* 54 Mont. 602, 172 Pac. 1030; *O'Hanion v. Great Northern Ry. Co.,* 76 Mont. 128, 245 Pac. 518.)

If the defendants were entitled to a change of place of trial as to their second cause of action, their rights thereto could not be abridged by plaintiff's joining therewith another cause of action. (*Woodward v. Melton,* 58 Mont. 594, 194 Pac. 154; *Yore v. Murphy,* 10 Mont. 304, 25 Pac. 1039; *Bond v. Hurd,* 31 Mont. 314, 78 Pac. 579, 3 Ann. Cas. 566; *State ex rel. Stephens v. District Court,* 43 Mont. 571, 118 Pac. 268, Ann. Cas. 1912C, 343.)

The parties to this appeal concede the correctness of the foregoing rules. The defendants contend that the tort complained of in plaintiff's second cause of action, being malicious prosecution, was committed in Lewis and Clark county; and on the other hand, the plaintiff contends that the tort was committed in part in Lewis and Clark county and in part in Silver Bow county. The difference in the contentions of the respective parties turns on the question as to whether or not an arrest of the plaintiff was a necessary and an essential element of a cause of action for malicious prosecution. The defendants assert that an arrest is not a necessary element, and the plaintiff assumes the contrary position.

There is some diversity in the decisions on the subject, but the weight of authority, and the better rule, is that in an action for malicious prosecution it is not indispensable that the plaintiff show that he was arrested and imprisoned, or was held without bail, and it is sufficient to sustain the action if it appears that plaintiff had maliciously and without probable cause been vexed and harassed by a criminal prosecution. (*Grorud v. Lossl,* 48 Mont. 274, 136 Pac. 1069; 38 C. J., sec. 14, p. 390; 18 R. C. L., sec. 9, p. 20; *Halberstadt v. New York Life Ins. Co.,* 194 N. Y. 1, 86 N. E. 801, 16 Ann. Cas. 1102, 21 L. R. A. (n. s.) 293; *Ballard v. Cash,* 191 Ky. 312, 230 S. W. 48; *Olson v. Haggerty,* 69 Wash. 48, 124 Pac. 145; *Hardin v. Hight,* 108 Ark. 190, 153 S. W. 99, 44 L. R. A. (n. s.) 368.)

Arrest or imprisonment not being an essential element of a cause of action for malicious prosecution, the complete tort was committed in Lewis and Clark county, and therefore the second cause of action was properly triable in Lewis and Clark county.

The plaintiff, however, after the perfection of this appeal and after the setting of the cause for argument in this court, filed with the clerk of the district court of Silver Bow county a praecipe requesting the dismissal of the second cause of action in his complaint—the cause of action under consideration—and filed with the clerk of this court a certified copy of that praecipe, together with a like praecipe directed to the clerk of this court.

The court below and the appellate court cannot exercise jurisdiction at the same time over the same judgment, nor can this court be deprived of its jurisdiction, when once acquired, by any act or order whatsoever of the inferior tribunal (*State ex rel. O'Grady* v. *District Court,* 61 Mont. 346, 202 Pac. 575; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406; *Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523; *Moreland* v. *Monarch Min. & Mill. Co.,* 55 Mont. 419, 178 Pac. 175), although the appeal may not deprive the lower court of all jurisdiction over the case (*Molt* v. *Northern Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809; *Bordeaux* v. *Bordeaux,* 26 Mont. 533, 69 Pac. 103; *Kline* v. *Murray,* 79 Mont. 530, 257 Pac. 465). However, so long as an order stands, the record—the basis of the order—should not be changed, for, if so changed, the result is a substitution of a new record as the basis of an order already made. (*Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837.) This court is bound by the record as it is presented and may not decide cases except upon such record. (*Heavey* v. *Laden,* 54 Mont. 421, 170 Pac. 947; *Thrift* v. *Thrift,* 54 Mont. 463, 171 Pac. 272.) The appellant has a perfect right to stand upon the record as made without losing any of his rights in this court by reason of matters outside the record. (*Leake* v. *Hayes,* 13 Wash. 213, 43 Pac. 48, 52 Am. St. Rep. 34.)

The tort alleged having been committed in Lewis and Clark county, the motion for change of place of trial to the court

of that county should have been granted; the trial court was in error in denying the motion. (*Hubbard* v. *Lord*, 59 Tex. 384; *Warwick* v. *First State Bank*, (Tex. Civ. App.) 296 S. W. 348; *Leach* v. *Stone*, (Tex. Civ. App.) 264 S. W. 620; *Plum* v. *Forgay Lumber Co.*, 118 Cal. App. 76, 4 Pac. (2d) 804; *Plum* v. *Newhart*, 118 Cal. App. 73, 4 Pac. (2d) 805.)

Another reason was advanced on the argument of this cause why the trial court should have granted the order on behalf of the defendant bank, which it would be unnecessary to consider here, in view of the foregoing, were it not for the fact that the same question is likely to arise again, and a further appeal to this court might be necessary.

The defendant bank insisted on the hearing of this cause that it should be granted a change of place of trial by reason of the provisions of section 94 of Title 12, U. S. C. A., formerly section 5198, U. S. Revised Statutes, which provides that "actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The plaintiff urges that the defendant bank waived the benefit of this provision, which may be done where a national bank appears and defends a case upon the merits. (*First Nat. Bank of Charlotte* v. *Morgan*, 132 U. S. 141, 10 Sup. Ct. Rep. 37, 33 L. Ed. 282.) However, in this case no such situation obtains. The contention of the plaintiff is not altogether clear from his brief and argument as to the manner wherein a waiver occurred, but the only ground for such contention must be the fact that this ground is not enumerated among those specified in the demand for change of place of trial by defendant bank.

It is necessary for a defendant seeking a change of place of trial to make a demand therefor in writing. (Sec. 9097, Rev. Codes 1921; *State ex rel. Davis* v. *District Court*, 72 Mont. 56, 231 Pac. 395.) But no special form of demand is pre-

scribed, provided it is in writing. (2 Bancroft's Code Practice and Remedies, sec. 1020, p. 1464; *McCarty* v. *Herrick,* 41 Idaho, 529, 240 Pac. 192; *Tunnicliff* v. *Holmes,* 69 Cal. App. 702, 232 Pac. 148.) The defendant bank, however, in its motion for change of place of trial and the affidavit of merits in support thereof set forth the facts that the defendant bank was a national banking association, organized and existing under the national banking laws of the United States, and maintained as such its principal place of business in the city of Helena, county of Lewis and Clark, and has never engaged in business in the county of Silver Bow, state of Montana. We accordingly hold that there was thereby no waiver on the part of the defendant bank of the right to claim the benefits of the statute under consideration.

There has been some contrariety among the decisions of the various courts as to the effect of this statute. It was held in the case of *Casey* v. *Adams,* 102 U. S. 66, 26 L. Ed. 52, that this statute does not contemplate affecting the place of trial of purely local actions. Some cases have held that the provisions of this statute are mandatory and not permissive but the better rule is, and the majority of cases hold, that "the design of congress was to confer jurisdiction upon proper state courts, and leave such courts, after the action is commenced, to be governed solely by the state statutes, so far as their mode of proceeding is concerned, including even a change of place of trial." (*Kinser* v. *Farmers' Nat. Bank of Centerville,* 58 Iowa, 728, 13 N. W. 59, 60; see, also, *Cassatt* v. *First Nat. Bank of West New York,* (N. J.) 153 Atl. 377, 9 N. J. Misc. 222; *Brust* v. *First Nat. Bank,* 184 Wis. 15, 198 N. W. 749; *Curlee* v. *National Bank,* 187 N. C. 119, 121 S. E. 194; *Fresno Nat. Bank* v. *Superior Court,* 83 Cal. 491, 24 Pac. 157.) The effect of this statute was not to give the defendant an independent ground for the change of place of trial, but to give it the same right with respect thereto as was and is enjoyed by other persons and banking corporations.

The order of the district court of Silver Bow county appealed from is reversed and the cause is remanded, with

direction that it enter an order granting the motion of the defendants for change of place of trial.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS, and HONORABLE HORSKY, District Judge (sitting in place of MR. JUSTICE STEWART, disqualified), concur.